# Commonwealth *v.* Gibson, Appellant.

*Criminal law—Murder—Misconduct of district attorney—Reference to previous conviction for crime—Withdrawal of juror.*

1. In the trial of a prisoner for one crime, the Commonwealth cannot introduce evidence of his guilt of another independent crime.

2. Where the district attorney, in the course of his examination of a witness, refers to the former conviction of the prisoner for shooting another person, a juror should be withdrawn and the case continued.

*Criminal law—Murder—Evidence — Insanity — Opinion of experts—Res gestæ—Hearsay evidence.*

3. On the trial of an indictment for murder, where the defense is insanity, it is proper to permit the Commonwealth's experts who had interviewed the prisoner for twenty to thirty minutes in jail, to express an opinion as to his sanity, and to state that in the course of the interview they discussed the offense in question.

4. In such case, it is proper to exclude an offer of statements made by the prisoner's wife, referring to his conduct and bearing upon his mental condition. Such declarations are mere hearsay, and not a part of the res gestæ, as they were offered not as indicating her own mind, but as bearing upon that of her husband.

*Criminal law—Murder—Malice—Charge—Lying in wait.*

5. It is inaccurate to charge in a murder trial that "the element of malice aforethought is the distinguishing mark of murder in the first degree."

6. Malice aforethought is an element of murder in either degree, and distinguishes it from manslaughter; while an intent to kill is the main distinction of murder in the first from that of the second degree.

7. Murder by lying in wait involves a watching and secrecy. Killing by shooting openly in the street before a church door is not murder by lying in wait.

Argued October 2, 1922. Appeal, No. 117, Oct. T., 1922, by defendant, from judgment of O. & T. Beaver Co., Sept. T., 1921, No. 3, on verdict of guilty of murder of the first degree in case of Commonwealth v. Silas Gibson. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Indictment for murder. Before READER, P. J.

The opinion of the Supreme Court states the facts.

Verdict of murder of the first degree upon which sentence was passed. Defendant appealed.

*Errors assigned* were various rulings and instructions sufficiently set forth in the opinion of the Supreme Court, quoting record.

*James L. Hogan,* and *Edwin M. Wallover,* for appellant, cited, as to conduct of the District Attorney: Com. v. Haines, 257 Pa. 289; Com. v. Racco, 225 Pa. 113; Com. v. Williams, 41 Pa. Superior Ct. 326; Wagner v. Twp., 215 Pa. 219; Saxton v. Ry., 219 Pa. 492.

*G. Blaine McGoun,* Assistant District Attorney, with him *Louis E. Graham,* District Attorney, for appellee, cited: Com. v. Elias & Johns, 76 Pa. Superior Ct. 576.

OPINION BY MR. JUSTICE WALLING, January 3, 1923:

The defendant, Silas Gibson, and his wife, colored people, were married in April, 1920, and resided in Bridgewater, Beaver County. Because of his causeless jealousy they lived unhappily and she occasionally returned to her mother's home on account of his abuse. This she did on Saturday, June 25, 1921, and the next day Gibson came to the mother's house, spent the afternoon with his wife and besought her not to cause his arrest for some act of violence he had inflicted upon her. He went away about six o'clock, armed himself with a revolver and returning, encountered his wife and her mother as they were walk-

ing to church and followed close behind them until they paused at the church door, where he shot and killed his wife, for which he was convicted of first degree murder and sentenced to death; hence, he brought this appeal.

The first assignment of error, complaining of the alleged misconduct of the assistant district attorney who conducted the prosecution must be sustained. The defense was insanity and defendant's sister, Mrs. Dora Grimsley, a witness in his behalf, on her direct examination, testified, inter alia, as follows, viz: "Q. Did you hear him [the defendant] make any statements as to people being against him? A. I did. Q. What would he say about that? A. He would say that everybody was against him. Q. Did he say that of the members of his own family? A. Yes, sir." Then on cross-examination, referring to defendant's attitude toward members of his family, the assistant district attorney asked: "Q. Was that after he had been convicted of shooting your brother?" This was promptly objected to by the defendant's attorney, who moved for the withdrawal of a juror. The trial judge refused the motion but cautioned the jury to disregard the statement involved in the question. The statement, however, brought directly to the knowledge of the jury, not only the fact that defendant had shot his brother but also that he had been convicted of it. This was a violation of the fundamental principle that in the trial of a prisoner for one crime the Commonwealth cannot introduce evidence of his guilt of another independent crime. A recent case to that effect is Com. v. Haines, 257 Pa. 289. To justify such evidence there must be some connection between the crimes; here there was none; in fact, over four years elapsed between the shooting of the brother and that of the wife. The statement of the fact by counsel was as damaging as proof would have been and its effect could not be eradicated by the caution of the trial judge. From that moment the defendant stood before the jury with the burden of having shot not one but two members of his own family.

Where counsel states in the presence of the jury a wholly incompetent damaging fact, it is a fatal error. See Wagner v. Hazel Township, 215 Pa. 217, 225.

The mere fact that the sister had testified in chief that defendant had said everybody was against him, including his own family, did not excuse the injection of the fact of his former conviction; and, as defendant had neither offered himself as a witness nor put his character in issue, it is difficult to find even a plausible excuse for dragging it in. As the only defense was insanity, proof of a prior independent crime might not prejudice the defendant in the mind of a lawyer but it naturally would in that of a layman, who would thenceforth look upon him as a hardened and desperate criminal. On a retrial, no reference should be made, directly or indirectly, to the former crime or conviction therefor, unless introduced by the defendant.

The other questions do not seem to require extended discussion. It was proper to permit the Commonwealth's experts, who had interviewed the defendant for twenty or thirty minutes in the jail, to express an opinion as to his sanity, as it also was to permit them to state that in the course of the interview they discussed the offense here in question.

On behalf of defendant an offer was made to prove statements made by his wife, referring to his conduct and bearing upon his mental condition. These were properly rejected, as hearsay evidence, and were none the less so because made by the victim of the crime. In other words, the declarations of one thereafter slain, as to the mental status of the slayer, are no more competent as evidence than would be like declarations of a third party. Expressions accompanying an act may be shown as indicating what was in the mind of the actor, on the ground that they are res gestæ of the act in question. For example, in the celebrated Webster murder case (Webster v. Com., 5 Cushing [Mass.] 386) the Commonwealth was permitted to show that as Dr. Parkman, the deceased,

passed along the street, just preceding the homicide, he was enquiring for Prof. Webster's office. To like effect is Hunter v. State, 40 N. J. L. 495, 531. In the language of Mr. Justice FRAZER in Com. v. Palma, 268 Pa. 434, 436; "The general rule is that when the motive, intent or purpose in doing an act is in question, whatever is said or done at the time from which a motive may be inferred, or which tends to show the intent or purpose with which it is done, is part of the res gestæ; accordingly, if an act committed is relevant, explanatory declarations made at the time are admissible as part of the act itself." But that principle does not apply here, for the wife's declarations were offered not as indicating her own mind, but as bearing upon that of her husband.

There is no substantial ground for the complaints regarding the charge of the trial judge. The following sentence of the charge, however, as printed, viz., "This element of malice aforethought is the distinguishing mark of murder in the first degree," is inaccurate. Malice aforethought is an element of murder in either degree and distinguishes it from manslaughter; while an intent to kill is the main distinction of murder in the first from that of the second degree. That the trial judge had the correct distinction in his mind clearly appears from the charge as a whole. This, and other inaccuracies, if any, can be corrected on a retrial.

Murder by lying in wait involves a watching and secrecy (State v. Olds, 24 Pac. 394, 403; Riley v. State, 28 Tenn. 646, 651) not found in the instant case and the court's charge was to that effect.

The first assignment of error is sustained and thereupon the judgment is reversed and a venire facias de novo awarded.