# Commonwealth *v.* Kellyon, Appellant.

*Criminal law—Murder—Manslaughter—Verdict—Less crime included in greater—Robbery.*

1. A jury has the power to find a defendant guilty of any offense which is less than and included in that charged in the indictment.

2. Where an indictment charges murder and manslaughter there can be a conviction of the latter crime, although the evidence establishes the offense as murder of the first degree in the perpetration of a robbery.

Argued May 7, 1923.   Appeal, No. 267, Jan. T., 1923, by defendant, from judgment of O. & T. Luzerne Co., April T., 1922, No. 48, on verdict of guilty of manslaughter, in case of Commonwealth v. Sophia Kellyon. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Indictment for murder and manslaughter.   Before JONES, J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of manslaughter on which sentence was passed.   Defendant appealed.

Assignment of Error—Opinion of the Court.    [278 Pa.

*Error assigned,* among others, was refusal of arrest of judgment.

*S. S. Herring,* for appellant, cited: Com. v. Payne, 242 Pa. 394; Com. v. Byers, 45 Pa. Superior Ct. 37; Com. v. Morrison, 266 Pa. 223; Com. v. LaGrange, 227 Pa. 368; Com. v. Curcio, 216 Pa. 380; Com. v. Sutton, 205 Pa. 605; Com. v. McManus, 143 Pa. 64.

*Edmund E. Jones,* Assistant District Attorney, with him *Arthur H. James,* District Attorney, for appellee, cited: Cathcart v. Com., 37 Pa. 108; McMeen v. Com., 114 Pa. 300; Com. v. Colandro, 231 Pa. 343; Com. v. McCloskey, 273 Pa. 456; Com. v. Gable, 7 S. & R. 423; Com. v. Weinberg, 276 Pa. 255.

OPINION BY MR. JUSTICE SCHAFFER, June 23, 1923:

The question which appellant's counsel raises on this appeal is whether on an indictment charging murder and manslaughter there can be a conviction of the latter crime, where the evidence establishes the offense was murder of the first degree in the perpetration of a robbery.

The Commonwealth claimed and all its evidence went to support the charge that the deceased was killed in the perpetration of the crime of robbery. The indictment contained two counts, one for murder and the other for manslaughter. The court defined the latter felony to the jury and then said to them: "I have defined to you manslaughter because we find the charge in this indictment. But we say to you that there is no evidence in this case of any sudden quarrel or provocation, or any circumstances from which proof of manslaughter would arise. There seems to be no dispute that the shooting which resulted in the death of George Johns was not committed in a sudden heat, but was a wilful, malicious, deliberate, and premeditated killing. And while the court does not withdraw from your consideration the count

of manslaughter, we say to you that, under all the testimony as disclosed upon the trial of this case, the perpetrator or perpetrators of this terrible deed is or are guilty of murder upon the first count in this indictment, and it is for you to say, under all the evidence in this case, whether the defendant aided, abettted, or participated in inflicting those wounds upon George Johns, or procured or persuaded others to perpetrate the deed, and, if she did, you must determine whether her act was criminal and what its grade or degree is." Notwithstanding this instruction from the trial judge, the jury found the defendant guilty of manslaughter.

The defendant had accompanied the deceased on an automobile ride. The theory of the prosecution is that it had been planned beween her and confederates who followed the motor in which she and deceased rode, that he should be robbed. There was evidence that he had been. He was shot to death but his body also showed abrasions, lacerations and scratches. In addition to this, there were pieces of silk tassel corresponding to the trimming of the defendant's dress found in the vicinity of the murder and near the body of the deceased. Commenting on these circumstances in connection with the jury's action, the learned trial judge in his opinion disposing of the motion for a new trial and in arrest of judgment, said: "They may have believed that defendant did not lure the deceased to the boulevard for the purpose of robbery, but went there for an immoral purpose, as suggested by defendant's own testimony, and a quarrel ensued between the deceased and defendant, as the result of which he was shot." On this hypothesis, there was at least some evidence which might logically sustain the verdict, but, aside from the surmise as to what brought it about, the jury had *the power,* even though the evidence established murder, to find a voluntary manslaughter verdict.

At common law, on a trial of an indictment for murder, there might be a conviction of manslaughter, on proving

homicide. "So if one is indicted of the murder of another upon malice prepense, and he is found guilty of manslaughter, he shall have judgment upon this verdict, for the killing is the substance, and the malice prepense the manner of it; and when the matter is found, judgment shall be given thereupon, although the manner is not precisely pursued": Mackelley's Case, 9 Coke's Reps. 67b; Salisbury's Case, 1 Plowden's Reps. 101. In Com. v. Gable, 7 S. & R. 422, on an indictment for murder, a verdict of "not guilty of murder, but guilty of manslaughter" was held good. It was said in Hilands v. Com., 114 Pa. 372, 380: "The first indictment charged murder. Under it he might have been convicted of murder of the first or second degree, or of voluntary manslaughter, but not involuntary manslaughter." So in Com. v. Weinberg, 276 Pa. 255, the defendant was indicted and tried for murder and was found guilty of manslaughter. He made objection that there was "no distinction in the finding of the jury as between voluntary and involuntary manslaughter, and that the verdict is not on any count in the indictment." This was answered through the present Chief Justice, who said: "As to this ground of complaint, it is sufficient to say that, since a person tried for murder cannot be guilty of involuntary manslaughter, a conviction of manslaughter, on an indictment such as the one before us, must be considered as a finding of voluntary manslaughter." Com. v. Micuso, 273 Pa. 474, is another case where the indictment was for murder, and the facts plainly showed that crime; a verdict of voluntary manslaughter was sustained.

The jury has the power to find a defendant guilty of any offense which is less than and included in that charged in the indictment. That was true at common law and is sanctioned by a majority of the states. In Sadler's Criminal & Penal Procedure, 436, section 504, the rule is thus stated: "There may be a verdict of guilty of a constituent offense included within the one charged.

Thus, on an indictment for adultery, there may be a con-
viction of fornication; or of fornication on a charge of
rape; or of fornication and bastardy on a charge of rape
with the averment of bastardy. Likewise, if the charge
be for statutory rape, under the Act of 1887; or of assault
with intent to ravish under a similar indictment; or of
assault and battery on an indictment for riot and riotous
assault and battery; or of assault and battery where
felonious assault and battery is charged; or of entry
with felonious intent without breaking, when burglary
is charged; or of bastardy on indictment for fornication
and bastardy; or of fornication on a charge for seduc-
tion; or of voluntary manslaughter on an indictment for
murder." "The defendant in a prosecution for homicide
......cannot complain that he was convicted of a lower
grade of the offense than the evidence showed him to be
guilty of": 2 Michie on Homicide, 1840, section 342.
"On an indictment for murder the jury may find a ver-
dict of manslaughter": Wharton on Homicide, 3d ed.,
1043, section 653. "And a verdict for a lower degree of
homicide will not be set aside on the ground that the
evidence does not make out that degree of the crime in
terms as defined by the statute, when it would have sup-
ported a finding of a higher degree": Ibid, 1044. "Pur-
suant to a general rule of the common law, when an in-
dictment charges an offense that includes within its
description another offense of less grade or lower de-
gree, the jury properly may find the accused guilty of
the less offense. And it is a familiar application of the
doctrine that under an indictment charging murder in
the common law form the defendant may be convicted of
any of the grades of culpable homicide......That the
crime under the law and facts ought to be fixed at a
higher grade or degree does not affect the application of
the rule. It is deemed to be wholly within the province
of the jury to fix the punishment; and even though the
evidence may fully disclose that the defendant was guilty
of a higher degree than that found against him still the

verdict cannot be disturbed for that reason.  The courts recognize that it is not an uncommon thing for a jury, out of sympathy, or what they conceive to be extenuating circumstances, to find a defendant guilty of a lower degree or grade of offense than that of which the evidence clearly convicts him; but the fact that they do so is not a ground of reversal of the verdict and judgment.  Accordingly, the jury under an indictment of murder may find a verdict for [voluntary] manslaughter": 13 Ruling Case Law 757, section 65.

The assignments of error are overruled and the judgment is affirmed.