Commonwealth *v.* Dennis, Appellant.

Argued January 8, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Michael J. Stack,* for appellant.

*James D. Crawford,* Assistant District Attorney, with him *Ivan Michaelson Czap,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, April 23, 1969:

On *April 7, 1967,* defendant was indicted on three bills charging murder, manslaughter and voluntary

manslaughter for the death of his girlfriend Essmond Davis. Thereafter defendant was arraigned on the murder bill and after pleading not guilty, the jury returned a verdict of guilty of voluntary manslaughter. The evidence was ample to sustain this conviction and even a verdict of murder.

Defendant went looking for Essmond after he had overheard her talking on the telephone with another man. He stopped at several bars and finally found her dancing with another man. Virginia Mason, Essmond's sister, testified that when defendant entered the bar, Essmond and she started to leave the tavern; just as they were going out the door, defendant said to Essmond, "I will kill you and if your sister says anything, I will kill her, too." Essmond then left the bar with defendant.

Essmond died as the result of a knife wound of the right chest. The blade of the knife passed from right to left, front to back, and slightly downward, cutting through the right lung, the pericardial sac, the upper right portion of the heart, and one of the major heart valves and penetrated to a depth of from nine to ten inches.

Defendant testified that the stabbing was accidental and that although he had a knife he had it for his protection. He testified to drinking on the night of the crime and to hearing sudden sounds of music from the door of the bar across the street. He also testified that Essmond suddenly embraced him and accidentally impaled herself on his knife. Defendant then went around the corner, threw the knife down and came back to see Essmond. The jury returned a verdict of voluntary manslaughter, although there was no evidence of passion, and under the evidence he could have been convicted, we repeat, of murder. Defendant was sentenced to serve a term of from six to twelve years.

On January 31, 1968, defendant was permitted by the lower Court to file nunc pro tunc a motion in arrest of judgment. This motion was denied by that Court and sentence was reimposed. Defendant thereafter appealed to this Court.

Defendant's principal contention—no motion was made for a new trial—is that the failure of the murder indictment to contain a count for manslaughter misled defendant into believing that he was being tried for murder only, and that this operated to deprive him of the notice required by procedural due process. This claim is completely devoid of merit.

This Court has repeatedly held that where a defendant is indicted for murder he can be convicted of voluntary manslaughter. *Commonwealth v. Comber*, 374 Pa. 570, 97 A. 2d 343; *Commonwealth v. Frazier*, 420 Pa. 209, 216 A. 2d 337; *Commonwealth v. Frazier*, 411 Pa. 195, 191 A. 2d 369; *Commonwealth v. Nelson*, 396 Pa. 359, 152 A. 2d 913; *Commonwealth v. Steele*, 362 Pa. 427, 66 A. 2d 825. In *Commonwealth v. Comber*, the Court said (pages 573-574) : "This Court has decided that on an indictment charging murder a defendant can be acquitted of murder and convicted of voluntary manslaughter; but he cannot be convicted of involuntary manslaughter: Hilands v. Com., 114 Pa. 372, 380, 6 A. 267; Com. v. Kellyon, 278 Pa. 59, 122 A. 166; Com. v. Gable, 7 S. & R. 423; Walters v. Com., 44 Pa. 135; Com. v. Komatowski, 347 Pa. 445, 452, 32 A. 2d 905; Com. v. Palermo, 368 Pa. 28, 81 A. 2d 540; Com. v. Weinberg, 276 Pa. 255, 120 A. 406; Com. v. Mayberry, 290 Pa. 195, 199, 138 A. 686; Com. v. Greevy, 271 Pa. 95, 114 A. 511; Com. v. Duerr, 158 Pa. Superior Ct. 484, 490, 45 A. 2d 235."

In *Commonwealth v. Frazier*, 420 Pa. 209, supra, the Court said (page 211) : "Defendant was indicted in 1961 for the murder of his wife. At that time he

was also indicted, on a separate bill of indictment, for voluntary and involuntary manslaughter. On July 9, 1962, defendant was brought to trial only on the bill charging murder. The Commonwealth's evidence, if believed, proved that defendant was guilty of first degree murder. Defendant's defense was that his wife committed suicide. There was no evidence, either by the Commonwealth or by the defendant, of passion or provocation. Nevertheless, the jury returned a verdict of voluntary manslaughter on, we repeat, the bill of indictment charging murder—a verdict permitted *even under such evidence** by many decisions of this Court: Commonwealth v. Frazier, 411 Pa. 195, 191 A. 2d 369; Commonwealth v. Nelson, 396 Pa. 359, 152 A. 2d 913; Commonwealth v. Steele, 362 Pa. 427, 66 A. 2d 825."

We have examined the record and find no error reviewable on this appeal.

Judgment of sentence affirmed.

Mr. Justice ROBERTS concurs in the result.

---

* Italics in original Opinion.