Commonwealth *v.* Amato, Appellant.

Argued April 18, 1972.   Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Morris H. Wolff,* for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *Judith Dean,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, November 30, 1972:

On October 1, 1968, upon conclusion of a trial by jury, appellant John Amato was convicted of first degree murder and sentenced to life imprisonment. Post-trial motions were denied. Because we find no merit in the three issues appellant presses on this direct appeal, we affirm.

The first contention raised by appellant is that the trial court erred in instructing the jury that it could not return a verdict of voluntary manslaughter. Appellant, it should be noted, interposed no objection to this charge. Despite appellant's failure to object to the charge, he now argues that there was evidence introduced at trial which would support a finding of voluntary manslaughter. A review of the record, however, convincingly disproves appellant's assertion.

The murder for which appellant was charged was allegedly committed during the robbery of a grocery store. Appellant denied the commission of the robbery, and there was no eyewitness to the robbery or the murder. The deceased was the proprietor of the store. As the sole basis for a charge of voluntary manslaughter

appellant now relies on the existence of bruises on the deceased. Certainly this barren fact, unexplicated by any other evidence, does not support appellant's assertion that the deceased could have been killed during an altercation unrelated to the robbery. The trial court quite properly ruled that there was no factual basis for a charge of voluntary manslaughter.

Nor are we persuaded by appellant's argument that even in the absence of facts which would provide a basis for a charge of voluntary manslaughter a defendant has an absolute right to such a charge.[1] In the instant case *no* request for a charge of voluntary manslaughter was made. Regardless of whether a defendant has a right to such a charge when he requests it,[2] it seems clear that where, as here, no such request is made the court is not required to submit manslaughter to the jury. In the absence of a defendant's request it could be part of counsel's trial strategy to limit the jury's options to a verdict of murder or complete acquittal and it would, indeed, be error for the court to intrude on that deliberate trial strategy. See *Commonwealth v. McGrogan*, 449 Pa. 584, 297 A. 2d 456 (1972).

In a very analogous situation the Third Circuit Court of Appeals reached precisely the same result in

---

[1] Appellant purports to rely in part on *Commonwealth v. Hoffman*, 439 Pa. 348, 266 A. 2d 726 (1970), and *Commonwealth v. Dennis*, 433 Pa. 525, 252 A. 2d 671 (1969). Those cases merely held that a jury could return a verdict of voluntary manslaughter even where there was no evidence to support such a verdict. This Court did not hold in *Hoffman*, supra, and *Dennis*, supra, that the trial court was required to charge on voluntary manslaughter in every murder case.

[2] See *Commonwealth v. Matthews*, 446 Pa. 65, 285 A. 2d 510 (1971) (dissenting opinion by Justice ROBERTS indicating that a defendant has an absolute right to a charge on voluntary manslaughter if requested, dissenting opinion by Justice POMEROY in which Justice ROBERTS joined indicating that a defendant has an absolute right to a charge on voluntary manslaughter if requested).

*United States ex rel. Spears v. Johnson*, 463 F. 2d 1024 (3d Cir. 1972). The issue before that Court was whether the trial court erred in now allowing defendant to make a summation. The Court found no reason to decide whether a defendant has an absolute right to summation because the record indicated that no request was made for one. The Court observed that tactical motives could very well explain such a decision—the evidence against the defendant was strong and further emphasis would only solidify it in the fact finder's mind. Similarly in the instant case a strong motive for limiting the jury's options to murder or complete acquittal is readily apparent. The evidence against appellant was entirely circumstantial—there was no eyewitnesses to the robbery or murder. A co-indictee charged with the same offense had already been acquitted. Thus a strong likelihood exists that the trial counsel deliberately decided to present the jury with two alternatives—conviction of murder on the basis of circumstantial evidence, or complete acquittal.

It is next alleged by appellant that the Commonwealth did not prove beyond a reasonable doubt that the deceased met his death as a result of the robbery. Appellant's reliance on *Commonwealth v. Embry*, 441 Pa. 183, 272 A. 2d 178 (1971), and *Commonwealth v. Radford*, 428 Pa. 279, 236 A. 2d 802 (1968), is misplaced.

The Commonwealth's medical expert witness testified unequivocally that the victim's death was caused by a mechanical force applied to the head. The Commonwealth presented circumstantial evidence to prove that any force applied to the deceased's head was done during the course of the robbery.

In *Commonwealth v. Embry*, supra, and *Commonwealth v. Radford*, supra, this Court reversed convictions where the only medical expert was *unable* to tes-

tify with more than a "probability" or a "reasonable degree of medical certainty" that the deceased met his death from one specific origin. Here it is conceded that death could only have resulted from force applied to the deceased's head. The only remaining issue for the jury was to determine whether where the force was applied during the robbery. This Court has long noted that "circumstantial evidence alone may suffice" to prove any element of the crime of homicide "so long as the inferences arising therefrom prove the fact in question beyond a reasonable doubt." *Commonwealth v. Chester*, 410 Pa. 45, 50, 188 A. 2d 323, 327 (1963).

Appellant's last assignment of error is that the trial court erred in not allowing appellant to admit into evidence the fact that a co-indictee, charged with the same robbery-murder, had been acquitted. Appellant argues that such evidence was relevant and probative because during his trial the Commonwealth was proceeding under a theory that he and the co-indictee acted in conspiracy to perpetrate the crime in question.

Appellant was not, however, charged with the crime of conspiracy. A review of the record reveals that during the entire course of the three-day trial only two oblique references were made to the existence of the co-indictee. One witness, Mrs. Regina McNally, testified that on the evening of the robbery-murder appellant and James Di Pasquale, the co-indictee, left appellant's apartment for a couple of hours. Another witness, a Miss Linda Goodwin, testified that several nights after the crime in question the appellant confided in her that he and Di Pasquale had robbed a store and had a fight with the owner. This evidence was introduced not for the purpose of establishing a conspiracy, but to prove appellant's guilt. The sole issue at trial was whether appellant committed a murder during the course of a felony. The resolution of that is-

sue would not have been aided in the slightest by the admission into evidence of the fact that another jury concluded that another defendant had not committed the robbery-murder. See *Commonwealth v. Quaranta,* 295 Pa. 264, 271, 145 Atl. 89, 92 (1928). The trial court properly refused to admit appellant's proffered evidence.

The judgment of sentence is affirmed.

Mr. Justice POMEROY concurs in the result.

CONCURRING OPINION BY MR. JUSTICE MANDERINO:

Although I concur that the judgment of sentence should be affirmed, I disagree with the majority's position that the trial court should be controlled in the matter of charging the jury on voluntary manslaughter, by the wishes of defense counsel for trial strategy purposes or any other purposes. Defense counsel has no right to decide that the jury will not consider voluntary manslaughter.

The Commonwealth, as well as the defendant, has an interest in a proper verdict by the jury. We have consistently held that a jury verdict of voluntary manslaughter in a homicide case is proper even though the jury was not charged on voluntary manslaughter. *Commonwealth v. Frazier,* 420 Pa. 209, 216 A. 2d 337 (1966). It would be illogical and unjust to allow the defendant to eliminate voluntary manslaughter from jury consideration just as we have held it would be illogical and unjust to allow the trial court or the Commonwealth to eliminate such a charge or take the issue of voluntary manslaughter from the jury. See *Frazier, supra.*

If we say that the trial court *properly* can take away from the jury the question of voluntary manslaughter in some cases because defense counsel so desires, as a matter of trial strategy, we could not prop-

erly allow a jury verdict of voluntary manslaughter to
stand. Yet, the law is clear that even if the jury is
not charged on voluntary manslaughter, such a verdict
is *proper*. We cannot give the defendant a right with
one hand and take it away with the other and consider
the manual dexterity the product of sound jurispru-
dence.

I very seriously doubt that we would allow a trial
judge to withdraw second degree murder from the jury
simply because the defendant so requested. The Com-
monwealth would have a most serious objection that
such a limitation on the jury's options would be unjust
to the Commonwealth's interest, yet the rationale of the
majority would of necessity lead to such a result.

That which distinguishes murder from voluntary
manslaughter is the element of malice. *Commonwealth
v. Gibson,* 275 Pa. 338, 119 A. 403 (1923); *Common-
wealth v. Malone,* 354 Pa. 180, 47 A. 2d 445 (1946).
The finding of malice means murder *Commonwealth v.
Simpson,* 436 Pa. 459, 260 A. 2d 751 (1970)—the ab-
sence of malice and an entry into the area of passion
and provocation means voluntary manslaughter. *Com-
monwealth v. Conner,* 445 Pa. 36, 282 A. 2d 23 (1971).
The thin line of demarcation is, more often than not,
invisible. It should always be the scrutinizing vision
of twelve jurors that determines the line's visibility—
*not the trial court, defense counsel, or prosecutor. Com-
monwealth ex rel. Johnson v. Myers,* 402 Pa. 451, 167
A. 2d 295 (1961); *Commonwealth v. Ewing,* 439 Pa.
88, 264 A. 2d 661 (1970); *Commonwealth v. Horn-
berger,* 441 Pa. 57, 270 A. 2d 195 (1970).

We have also held, and correctly so, that voluntary
manslaughter is a proper verdict even in the absence of
passion and provocation because a jury may not find
malice because of other circumstances in a given case.
·*Commonwealth v. Hoffman,* 439 Pa. 348, 266 A. 2d 726

(1970); *Commonwealth v. Kellyon,* 278 Pa. 59, 122 A. 166 (1923); *Commonwealth v. Gable,* 7 S. & R. 423 (1821). If there is any area of human justice that requires the deliberation and the voice of a jury, it must be the area of decision concerned with the taking of one human life by another. Are the total circumstances surrounding *any* homicide so simple and neat that a jury should not be given for consideration at least three categories of human culpability—first degree murder, second degree murder, and voluntary manslaughter? I think not. Only the jury, not the court, should decide the delicate question of the degree of human culpability in the killing of another human.

In this case, however, the *error* was not called to the trial court's attention and no objection was raised to the charge. Unless under the total circumstances of a given case, counsel's failure to object amounts to the ineffective assistance of counsel, the defendant is not entitled to relief. In this case there is no allegation or evidence from which it can be concluded that counsel was ineffective. The judgment should, therefore, be affirmed.