392 A.2d 688

**COMMONWEALTH of Pennsylvania**

v.

**Odell BRADLEY and Carol Bradley, Appellants.**

Supreme Court of Pennsylvania.

Argued May 22, 1978.

Decided Oct. 5, 1978.

Reargument Denied Nov. 8, 1978.

224

Clarence C. Morrison, Harrisburg, for appellant at No. 114.

Marilyn C. Zilli, Asst. Public Defender, for appellant at No. 1.

Marion E. MacIntyre, 2nd Asst. Dist. Atty., Richard A. Lewis, Chief Deputy Dist. Atty., Jane G. Penny, Harrisburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POM-
EROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

NIX, Justice.

Appellants Odell Bradley and Carol Bradley, husband and
wife, were convicted after a jury trial of murder of the third
degree. Post-trial motions were filed, argued and denied,
and this direct appeal followed.[1]

■ The principal question raised is whether the evidence
was insufficient to sustain the murder conviction. In deter-
mining whether the evidence presented is sufficient to sus-
tain the conviction, the test is whether, accepting as true all
of the evidence of the Commonwealth and all reasonable
inferences arising therefrom, upon which if believed, a find-
er of fact could properly have based its verdict, it is suffi-
cient in law to prove the elements of the crime in question
beyond a reasonable doubt. *Commonwealth v. Paquette,*
451 Pa. 250, 253, 301 A.2d 837, 838–39 (1973); *Common-
wealth v. Eiland,* 450 Pa. 566, 569, 301 A.2d 651, 652 (1973);
*Commonwealth v. Williams,* 450 Pa. 327, 329, 301 A.2d 867,
869 (1973); *Commonwealth v. Oates,* 448 Pa. 486, 488, 295
A.2d 337, 338 (1972).

Viewed in this light, the following facts emerged during
the trial. Early in the evening of January 9, 1977, Carol
Bradley sent her eight year old son on an errand to purchase
a loaf of bread and other groceries, handing him a five
dollar food stamp coupon. When he returned home, he did
not have change, only a receipt from an adding machine
which indicated the balance due. Mrs. Bradley then went to
the store and demanded that she be given her change which
she believed to be approximately $4.00. The time was about
8:30 p. m. Mr. Mitchell, the storekeeper, refused, saying
that she was not entitled to any change. Mrs. Bradley left

1. Our jurisdiction in this case is based on the Appellate Court
   Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. II,
   § 202(1), 17 P.S. § 211.202(1) (Supp. 1978–79).

the store and returned to her home where she told her husband what had occurred. Together they walked the short distance to the store.

Just before 9 o'clock, twelve year old Randy Jackson entered the store, searching for a bag of potato chips. As he arrived, he noticed Carol and Odell Bradley. Carol Bradley was arguing with Mr. Mitchell. Randy purchased his snack and left the store, leaving the appellants and Mr. Mitchell inside. When he was two doors away he heard a shot and observed both Carol and Odell Bradley running from the store. One Sandra Turner, testifying for the Commonwealth, said that she saw the appellants heading in the direction of the store and that Carol Bradley was "swearing." Later, she heard a shot and also saw Carol and Odell Bradley running from the premises. She estimated the time to be 8:50 p. m. Another Commonwealth witness, Charles White, said that he saw Odell Bradley in the vicinity of the Mitchell store just before 9 o'clock. Mrs. Mitchell testified that she heard her husband call for her from the bottom of the steps which lead to the second floor living quarters. She ran down to assist her husband who said, "Call an ambulance, *they* shot me." When the police arrived money was found scattered on the floor but the cash register was locked and apparently undisturbed. It was later discovered that a small amount of cash was kept beneath the counter in a cardboard box. It was not determined whether any money was taken. The Commonwealth's evidence did establish beyond a reasonable doubt that one of the Bradleys fired the fatal shot.

The thrust of appellant's challenge to the sufficiency of the evidence is that there is insufficient evidence to establish which of them fired the shot and, therefore, neither of them may be convicted. We agree that the evidence is insufficient to establish which of the appellants fired the shot. *See Commonwealth v. Cox*, 466 Pa. 582, 353 A.2d 844 (1976). In order to convict, therefore, it is necessary to establish that the appellants were accomplices or co-conspirators. As we said in *Cox:*

" 'All theories that are recognized under our law to hold one responsible for the criminal acts of another require the existence of a shared criminal intent. It is well settled that the nexus which renders all members of a criminal conspiracy responsible for the acts of any of its members is the unlawful agreement. *Commonwealth v. Yobaggy,* 410 Pa. 172, 177, 188 A.2d 750, 752 (1963); *Commonwealth v. Neff,* 407 Pa. 1, 7, 179 A.2d 630, 632 (1962); *Commonwealth v. Kirk,* 340 Pa. 346, 17 A.2d 195 (1941) aff'g 141 Pa.Super. 123, 14 A.2d 914 (1940); *Commonwealth v. Richardson,* 229 Pa. 609, 79 A. 222 (1911), aff'g 42 Pa.Super. 337 (1910). It is equally as clear that this element of shared criminal intent must be found to be present to justify a finding that an accused was an accomplice. *Commonwealth v. Lowry,* 374 Pa. 594, 600, 98 A.2d 733, 736 (1953) cert. denied, 347 U.S. 914, 74 S.Ct. 479, 98 L.Ed. 1070 (1954); *Commonwealth v. Thomas,* 357 Pa. 68, 72, 53 A.2d 112, 114 (1947); *Commonwealth v. Doris,* 287 Pa. 547, 135 A. 313 (1926).' *Commonwealth v. Wilson,* 449 Pa. 235, 238, 296 A.2d 719, 721 (1972).

Further the Commonwealth was not required to establish that appellant was part of a joint effort to cause the death of or inflict serious bodily harm to the victim by direct evidence. This burden may be sustained by means of wholly circumstantial evidence. *Commonwealth v. Stanley,* 453 Pa. 467, 469, 309 A.2d 408, 410 (1973); *Commonwealth v. Amato,* 449 Pa. 592, 594, 297 A.2d 462, 464 (1972); *Commonwealth v. McFadden,* 448 Pa. 146, 149, 292 A.2d 358, 360 (1972); *Commonwealth v. Chester,* 410 Pa. 45, 50, 188 A.2d 323, 327 (1963)." *Id.,* 466 Pa. at 586–87, 353 A.2d at 846.

■ We conclude as we did in *Cox* that there was sufficient evidence to prove beyond a reasonable doubt that appellants were each full participants in the killing of the victim. Appellant Carol Bradley had a disagreement with the victim. She went home and both appellants returned to the store together. Appellant Carol Bradley was "swearing" and thus was obviously angry as she returned to the

store. Both appellants were arguing with the victim in the store and both appellants fled together. The victim, before he died, said " . . . they shot me." All of these facts support the jury's finding beyond a reasonable doubt that appellants were acting together in the killing of the victim, and thus support the finding of murder in the third degree. *See also, Commonwealth v. Sullivan,* 472 Pa. 129, 371 A.2d 468 (1977).

The evidence adequately established that one of the Bradleys was the actor and that the other was an accomplice. Under our law it is now axiomatic that the actor and his accomplice share equal responsibility for the act. 18 Pa.C.S.A. § 306 (1973); see *Commonwealth v. Cox, supra; Commonwealth v. Mason,* 211 Pa.Super. 328, 236 A.2d 548 (1967); *Commonwealth v. Reilly,* 200 Pa.Super. 461, 190 A.2d 164 (1963). Thus it was not incumbent upon the prosecutor to identify their respective roles. *Commonwealth v. Cox, supra.* In *Commonwealth v. Fields,* 460 Pa. 316, 333 A.2d 745 (1975), which is cited and relied heavily upon by appellants, the identity of the actor was not at issue. There the question presented was whether the prosecutor had offered sufficient evidence to support a finding that Fields was in fact the accomplice. The striking difference between the two factual settings is that the commonality of purpose or shared intent is more clearly defined in the instant case. Whereas in *Fields* the confrontation may well have been by chance, it is clear under the instant facts that Mr. and Mrs. Bradley intended to find the victim and to renew an earlier dispute. Furthermore, in *Fields* there was an absence of evidence to support a conclusion that he (Fields) was aware of any differences existing between his companion and the victim prior to the fatal shooting. In this case the evidence established that both of the Bradleys were engaged in an argument with the deceased immediately prior to the infliction of the fatal wound. We therefore conclude that *Fields* is not dispositive of the issue as suggested by appellants but rather is clearly distinguishable.

The other assignments of error have been carefully considered and found to be without merit.[2]

Judgments of sentence affirmed.

MANDERINO, J., concurred in the result.

**2.** Additionally, the appellants contend that the introduction of the rebuttal testimony of Willie Jacobs constituted error; that prejudicial remarks during the prosecution's closing address to the jury required a reversal; and that the motion to strike the testimony of John Purcell should have been granted. An examination of these issues satisfies us that they did not require any elaboration in this opinion.