456 A.2d 1352

**COMMONWEALTH of Pennsylvania**

v.

**Edgar RODGERS, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 28, 1983.

Decided March 11, 1983.

Stanley W. Bluestein (Court-appointed), Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Alan Sacks, Philadelphia, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

NIX, Justice.

This is a direct appeal from the judgments of sentence for murder of the first degree and criminal conspiracy. Consecutive terms of imprisonment were imposed. Appellant seeks

relief claiming that the evidence was insufficient to establish his shared criminal intent, necessary to support the findings of guilt. In the alternative, appellant argues that the Commonwealth's failure to disclose the name of a particular witness during pretrial discovery warrants at least the grant of a new trial. Upon examination it is apparent that both of these complaints are without merit and we affirm the judgments of sentence.

In March, 1979 appellant was engaged in selling drugs in his neighborhood housing project in conjunction with several other individuals including a Frank Jenkins. In the early part of that month, appellant stated to a friend, Brenda Cropper, that he intended to kill the deceased, Willie "Omar" Tinsley. The cause of the animosity was Tinsley's intrusion upon appellant's business interests. At the residence where appellant's illicit business was being conducted, Tinsley was shot and killed on March 20, 1979. Tinsley died from shotgun wounds fired by Frank Jenkins in the presence of appellant. Appellant assisted in the disposal of the body and arranged for the concealing of the murder weapon. A few days after the incident, appellant admitted to a friend, Butler Branch, that he had killed Tinsley, and admonished him not to disclose that confidence. The cause of death was determined to have been a shotgun blast from a distance of three (3) to five (5) feet to the face of the victim.[1]

Addressing first the sufficiency of evidence claim,[2] our law is clear that a conspiracy may be inferentially

1. Frank Jenkins was tried separately and was found guilty of murder of the first degree, criminal conspiracy and possession of an instrument of crime. The judgment of sentence was affirmed *per curiam* by this Court. *Commonwealth v. Jenkins,* 499 Pa. 330, 453 A.2d 333 (1982).

2. The Commonwealth has urged us to conclude that appellant has waived the sufficiency of evidence claim by filing only boiler plate allegations of insufficiency. While we have concluded that a specific charge of insufficiency predicated upon the asserted absence of proof of a deliberate, willful and premeditated killing will not be preserved by a general insufficiency allegation, *Commonwealth v. Pronkoskie,* 498 Pa. 245, 445 A.2d 1203 (1982) such is not the case where as here the sufficiency claim is premised on the assertion that the evidence is

established. *Commonwealth v. Tate,* 485 Pa. 180, 401 A.2d 353 (1979); *Commonwealth v. Holmes,* 482 Pa. 97, 393 A.2d 397 (1978); *Commonwealth v. Roux,* 465 Pa. 482, 350 A.2d 867 (1976). To sustain the instant judgments, the evidence would have to support a finding that appellant shared the intent to kill Tinsley. *Commonwealth v. Bradley,* 481 Pa. 223, 392 A.2d 688 (1978); *Commonwealth v. Wilson,* 449 Pa. 235, 296 A.2d 719 (1972); *Commonwealth v. Yobbagy,* 410 Pa. 172, 188 A.2d 750 (1963); *Commonwealth v. Neff,* 407 Pa. 1, 179 A.2d 630 (1962). We accept appellant's contention that mere presence will not satisfy that burden. *Commonwealth v. Smith,* 490 Pa. 374, 416 A.2d 517 (1980); *Commonwealth v. Garrett,* 423 Pa. 8, 222 A.2d 902 (1966). Here the testimony demonstrates much more than mere presence, contrary to what appellant would have us believe. The evidence of appellant's stated intention to kill the victim, his presence at the event, his help in attempting to conceal the crime, and his subsequent admission of his participation provided an adequate basis for the jury's verdict. *See, Commonwealth v. Bradley, supra; Commonwealth v. Holmes, supra.*

To evaluate the sufficiency of the evidence, we must view the evidence in the light most favorable to the Commonwealth as verdict winner, accept as true all the evidence and all reasonable inferences upon which, if believed, the jury could properly have based its verdict, and determine whether such evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt. Moreover, it is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. The factfinder is free to believe all, part or none of the evidence. *Commonwealth v. Yost,* 478 Pa. 327, 386 A.2d 956 (1978).

■ The nature of the killing, a shotgun blast to the head at short range, establishes the specific intent to take life.

totally inadequate since it merely establishes his presence. *See, e.g., Commonwealth v. Jones,* 478 Pa. 172, 180, 386 A.2d 495, 499 (1978) (Nix, J. concurring); *Commonwealth v. Wolff,* 273 Pa.Super.Ct. 27, 416 A.2d 1072 (1979).

*Commonwealth v. O'Searo,* 466 Pa. 224, 352 A.2d 30 (1976); *Commonwealth v. Jackson,* 457 Pa. 237, 324 A.2d 350 (1974); *Commonwealth v. Hornberger,* 441 Pa. 57, 270 A.2d 195 (1970). The evidence of appellant's participation and his expressed intention justifies the inference of his shared intent in the criminal plan to kill Tinsley. *See, Commonwealth v. Holmes, supra; Commonwealth v. Roux, supra.*

Appellant alternatively claims the trial court erred in permitting the testimony of Ms. Cooper. The basis of this objection is that the defense was not given a copy of her statement prior to trial nor were they appraised of her identity as a prospective witness for the Commonwealth. It is argued that the provisions of Criminal Procedure Rule 305 [3] were violated and that a new trial must be awarded. Pa. Rule of Criminal Procedure 305(B)(1)(b) provides in pertinent part: [4]

B.  Disclosure by the Commonwealth

(1) *Mandatory:* In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case.

The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.

\*    \*    \*    \*    \*    \*

(b) any written confession or inculpatory statement, or the substance of any oral confession or inculpatory

---

**3.** The instant case was controlled by the November 22, 1977 amended version of this rule. Our consideration and discussion relates only to that version. Rule 305 was subsequently amended on April 24, 1981 and again on October 22, 1981.

**4.** Appellant also suggests that Ms. Cropper's testimony was discoverable under Rule 305(B)(2)(a) and (b). First, it is to be noted that Rule 305(B)(2) is discretionary with the trial court. Most importantly, however, Rule 305(B)(2)(a) and (b) relate to eyewitnesses only and Ms. Cropper was not an eyewitness to the crime. *See Commonwealth v. Wolfe,* 301 Pa.Super.Ct. 187, 447 A.2d 305, 312 (1982).

statement, and the identity of the person to whom the confession or inculpatory statement was made, which is in the possession or control of the attorney for the Commonwealth;

  \*   \*   \*   \*   \*   \*

■ It would appear that the above quoted provision would require disclosure, upon pre-trial demand, of the evidence of the statement allegedly made to Ms. Cropper by appellant. The fact that the statement was made to Ms. Cropper before the event does not change its inculpatory character or exclude it from the mandate of Rule 305(B)(1)(b). The record reflects that in a letter dated May 1, 1979 to the office of the prosecutor, trial counsel specifically requested, *inter alia,* " . . . the substance of any oral confession or inculpatory statement, and the identity of the person to whom the confession or inculpatory statement was made, . . . . " Although the Commonwealth, in response to this demand, supplied the identity and the existence of the inculpatory statement made to Butler Branch, they failed to disclose pre-trial the statement made to Ms. Cropper. It is clear that the appellant was entitled to the disclosure of the identity of Ms. Cropper as well as being appraised of the statement alleged to have been made to her.

■ Even though we conclude that the Commonwealth's failure to disclose during pre-trial discovery the existence of the inculpatory statement made to Ms. Cropper was error, we are satisfied under the instant record this does not require the disturbance of the judgments of sentence. Jury selection commenced on September 12, 1979 and was not concluded until September 25, 1979. When the first jury panel was addressed, the Commonwealth indicated its intention to call Ms. Cropper as a witness. It also appears that at some point subsequent to the commencement of *voir dire* and prior to the beginning of the actual trial, the prosecutor

also advised trial counsel of the nature of Ms. Cropper's intended testimony.[5]

The defense first objected when Ms. Cropper was called at trial. When asked by the trial court if the defense wished to request a continuance for the purpose of preparing for Ms. Cropper's testimony, trial counsel declined this offer and instead insisted that the court exclude the witness. At that point, the trial court denied the request to exclude Ms. Cropper and she proceeded to testify.

■ Section (E) of Rule 305 confers upon the trial court a wide discretion where there has been a violation.[6] The trial court has the option in such event to order inspection, grant a continuance, exclude the evidence, "or it may enter such other order as it deems just under the circumstances." Clearly, it was not an abuse of that discretion in this case to attempt to remedy the situation by offering a continuance. The identity of the witness and the nature of her testimony, even beyond the inculpatory statement which is all that would be required under Rule 305(B)(1)(b),[7] was supplied to the defense before the actual trial began. Moreover, the record fails to reflect that the appellant suffered any harm because of the absence of pre-trial disclosure of this statement. There is no indication that cross-examination was in any way impeded or that the delay in disclosure prevented possible impeachment of this evidence. To the contrary, during argument on post-verdict motions, defense counsel admitted his inability to establish prejudice under these circumstances. The trial court cannot be found to have

**5.** It appears from the record that this information was supplied off record. That fact has not been specifically denied by appellant.

**6.** E. Remedy
   If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may grant a continuance, or may prohibit such part from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances.

**7.** Ms. Cropper also testified that appellant had brought the murder weapon to her home for the purpose of concealing it.

abused its discretion by rejecting the request of the defense for the exclusion of the testimony.

Accordingly, the Judgements of Sentence are Affirmed.