460 A.2d 255

**COMMONWEALTH of Pennsylvania,**

v.

**Stanley DENNIS, Appellant.**

Superior Court of Pennsylvania.

Argued March 16, 1981.

Filed April 22, 1983.

416

418

John P. Joyce, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, submitted a brief on behalf of Commonwealth, appellee.

Before PRICE, BROSKY and MONTEMURO, JJ.

PRICE, Judge: *

Following a jury trial, appellant, Stanley Dennis, was found guilty of aggravated assault[1] and sentenced to a term of not less than two nor more than five years imprisonment. On appeal from the order of the Court of Common Pleas of Allegheny County denying post-conviction relief, appellant alleges essentially three grounds of error. He contends that: (1) he was denied a fair trial because the court below refused to permit him to introduce evidence of the acquittal of the principal defense witness on charges stemming from the same incident; (2) the trial court erred in admitting three photographs depicting the victim's injuries and the testimony of a medical records librarian as to an operation performed on the victim; and (3) the prosecuting attorney engaged in misconduct at trial which warrant-

* This Decision was Reached Prior to the Death of Judge Price.

1. 18 Pa.C.S.A. § 2702(a)(1).

ed the declaration of a mistrial. We find these contentions to be without merit, and affirm.

At trial, the alleged victim, Doyle Rose, Jr. testified that on April 29, 1979, he met his fiance, Elaine White, at "Big Daddy's" bar on Pittsburgh's Northside. While drinking at the bar, Mr. Rose heard a disturbance outside. When he went outside to investigate, he discovered a friend, Donald Brown, arguing with Robert Dennis, appellant's brother. Mr. Rose spoke with Mr. Brown as appellant and Robert Dennis looked on. Mr. Rose testified that he knew neither of the Dennis brothers, and that he directed no hostile comment or gesture to either. According to Mr. Rose, when the conversation ended he turned to re-enter the bar, whereupon he was suddenly punched in the face by appellant. Mr. Rose and appellant then engaged in an exchange of blows for approximately five minutes, until they were separated by an onlooker. Mr. Rose testified that after the fighting had stopped, Robert Dennis punched him in the head, causing him to fall to the ground, and that as he lay on the ground, Robert Dennis and appellant kicked him repeatedly in the head, rendering him semi-conscious. Mr. Rose required surgery for injuries sustained during the fight.

Elaine White testified that when she left the bar, the fight was already in progress. According to Ms. White, the men were separated, and then Mr. Rose was attacked by the Dennis brothers and kicked in the head by Robert Dennis.

Robert Dennis, who was acquitted at an earlier trial of a charge of aggravated assault arising from the same incident, testified that he was attacked by Mr. Rose after Mr. Rose had initiated a fight with no provocation from either brother and had knocked appellant unconscious.

Appellant's contention that the trial court erred in refusing to permit the jury to hear evidence of Robert Dennis's acquittal is largely premised on the mistaken notion that "Robert Dennis was acquitted of the charges against him and could not as a matter of law be construed ... to be thereafter an 'accomplice'." Appellant's Br. at 11. Thus,

he urges that it was improper for the trial court to instruct the jury that appellant could be found guilty on a theory that he was an accomplice of Robert Dennis.

It is clear that under Pennsylvania law

[a]n accomplice may be convicted on proof of the commission of the offense and his complicity therein, though the person claimed to have committed the offense ... has been acquitted.

18 Pa.C.S.A. § 306(g). *See Commonwealth v. Brown*, 473 Pa. 458, 375 A.2d 331 (1977) (previous acquittal of principal not a bar to prosecution of accomplice for same killing). Section 306(g) was patterned after a similar provision of the American Law Institute's Model Penal Code, the comments to which explain that the statute

... does open up the possibility that an accomplice may be prosecuted though the person charged with the commission of the crime has been acquitted. While inconsistent verdicts of this kind present a difficulty, they are intrinsic to the jury system and appear to be a lesser evil than granting immunity to the accomplice because justice has miscarried in the charge against the person who committed the offense.

Model Penal Code, Comments § 2.04(6) (Tent. Draft No. 1, 1953) (footnotes omitted). In *Commonwealth v. Byrd*, 490 Pa. 544, 417 A.2d 173 (1980), our Supreme Court held that the subsequent acquittal of all alleged co-conspirators did not preclude upholding the defendant's conspiracy conviction. In that case, the court noted that

an acquittal at any trial is never a guarantee that no crime has been committed. Rather it signifies only that the Commonwealth has not proved its case to the satisfaction of the jury. Thus, in the present case, different verdicts may well have been due to a variety of other circumstances, including a difference in the proof offered at trial.

*Byrd, supra*, 490 Pa. at 552, 417 A.2d at 177.

We are, of course, mindful that when there is Commonwealth evidence which tends to show that a de-

fense witness is an accomplice, the defense may introduce evidence of the witness's acquittal, for the limited purpose of restoring the value of the defense witness's testimony. *Commonwealth v. Meredith*, 493 Pa. 1, 425 A.2d 334 (1981) (per Roberts, J. with two Justices concurring and one Justice concurring in the result). No such limited use was sought in this case, however. Rather, it is clear that evidence of Robert Dennis's acquittal was offered generally, as proof of appellant's innocence, and thus was properly excluded as irrelevant. *Commonwealth v. Meredith, supra; Commonwealth v. Amato*, 449 Pa. 592, 297 A.2d 462 (1972); *Commonwealth v. Quaranta*, 295 Pa. 264, 145 A. 89 (1928).

 Appellant offers several arguments in support of his contention that evidence of Mr. Rose's injuries were improperly admitted at trial. First, he maintains that such evidence was irrelevant, the defendant having been charged on the theory that he *attempted* to cause serious bodily injury to Mr. Rose, rather than that such injury in fact occurred.[2] We cannot agree. Criminal intent may be proved by direct or circumstantial evidence. *Commonwealth v. Caye*, 465 Pa. 98, 348 A.2d 136 (1975); *Commonwealth v. Gregory*, 267 Pa.Superior Ct. 103, 406 A.2d 539 (1979). As intent is a subjective state of mind, it is, of necessity, difficult of direct proof. Evidence of injuries actually sustained by a victim will be an indication of the force and violence used, a factor clearly relevant to the degree of harm intended by an assailant.[3]

**2.** Section 2702(a)(1), under which appellant was charged provides that A person is guilty of aggravated assault if he ... attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to human life.

**3.** Appellant also maintains that evidence of Mr. Rose's injuries should have been excluded because the Commonwealth could not show specifically which injuries were caused by appellant, as opposed to those caused by his brother. This argument clearly goes to the weight of the evidence, rather than its admissibility, and as such was a matter for determination by the jury. A rule which would exclude evidence of a victim's injuries on such a basis would insulate the perpetrators

■ Secondly, appellant maintains that three color photos depicting Mr. Rose's injuries were inflammatory and should have been excluded on this basis. We do not agree. The question of the admissibility of photographs is a matter within the discretion of the trial court, and only an abuse of that discretion will constitute reversible error. *Commonwealth v. Batty*, 482 Pa. 173, 393 A.2d 435 (1978); *Commonwealth v. Petrakovich*, 459 Pa. 511, 329 A.2d 844 (1974).

■ The general rule is that evidence is admissible where it is relevant and competent. This basic rule applies to the admission of photographs as well as other types of demonstrative evidence. *Commonwealth v. Schroth*, 479 Pa. 485, 487, 388 A.2d 1034, 1036 (1978). The challenged photographs were clearly relevant. The trial judge carefully separated the three photos from others available, finding them not to be inflammatory. (N.T. 55, 56). Having seen the challenged photos, we agree with the court below that they were neither gruesome nor inflammatory, and were properly admitted.[4]

■ Appellant's final objection to the evidence of Mr. Doyle's injuries is that the trial court erred in permitting a

of most gang-type assaults from prosecution. *See, U.S. v. Farries*, 328 F.Supp. 1034, (M.D.Pa.1971), aff'd. 459 F.2d 1057 (3rd Cir.1972), *cert. den.* 409 U.S. 888, 93 S.Ct. 143, 34 L.Ed.2d 145 (1973). (Photos admissible not only against defendants charged with assaulting correctional officers, but against all defendants to show force and violence used by rioters).

**4.** Where relevant photographs of a victim's injuries are offered in evidence, a two-stepped analysis is employed. First, the court must decide whether a photograph is inflammatory in nature. If, *but only if*, the photo is deemed to be inflammatory, the court must then apply a balancing test, and determine whether the photo is of "such evidentiary value that [its] need clearly outweighs the likelihood of inflaming the minds and passions of the jurors." *Commonwealth v. Miller*, 490 Pa. 457, 417 A.2d 128, 134 (1980), cert. den. 449 U.S. 1113, 101 S.Ct. 924, 66 L.Ed.2d 842 (1981); *Commonwealth v. Batty*, 482 Pa. 173, 177, 393 A.2d 435, 437 (1978). The three photos in the instant case merely depict Mr. Rose lying in a hospital bed with his eyes closed, showing some discoloration and swelling in the eye area. No blood appears and we see nothing in these photos which would be likely to inflame the minds or passions of the jurors.

medical records librarian to testify concerning an operation performed on Mr. Rose. It is far from clear that the hospital records were inadmissible as proof of Mr. Rose's operation.[5] In any event, the trial judge immediately instructed the jury to disregard the witness's references to the operation. Under these circumstances, we can conceive of no possible prejudicial effect stemming from this testimony.

Appellant's third contention, that the prosecuting attorney engaged in misconduct warranting a mistrial, is based upon three remarks made by the district attorney during trial. The first remark was an indirect reference to the defense witness, Robert Dennis, as a "co-defendant", the second a mistaken allusion made in summation to the victim as having injured his "tibia", as opposed to his "femur" (another leg bone,) and the third, a comment, also in closing argument, concerning Donald Brown, who was not called as a witness at trial.

■ Of course, not every improper remark made by a prosecutor requires the granting of a new trial. *Commonwealth v. Crittenton*, 326 Pa. 25, 191 A. 358 (1937); *Commonwealth v. Raffensberger*, 291 Pa.Superior Ct. 193, 435 A.2d 864 (1981). Furthermore, allegedly prejudicial remarks must be read in the context of the case as a whole, with a particular view to the evidence presented and reasonable inferences drawn therefrom, in order to determine whether they are indeed prejudicial. *See Commonwealth v. Boone*, 286 Pa.Superior Ct. 384, 428 A.2d 1382 (1981), *Commonwealth v. Bullock*, 284 Pa.Superior Ct. 601, 426 A.2d 657 (1981).

■ Viewed in context, the isolated reference of the prosecutor to a "co-defendant" appears to have been a mere

---

5. Appellant argues that medical records are not admissible to show "treatment", but only "treatment prescribed", so that the fact that an operation was performed could not be shown in this manner. Our reading of the case law in the area indicates that the terms "treatment" and "treatment prescribed" are generally used interchangeably. *See Commonwealth v. Mobley*, 450 Pa. 431, 301 A.2d 622 (1973), *Jumper v. Jumper*, 240 Pa.Superior Ct. 99, 362 A.2d 411 (1976).

slip of the tongue, not necessarily referable to Robert Dennis from a juror's view point. This remark was made during an objection to defense counsel's insistence upon admitting testimony concerning Robert Dennis' case (N.T. 105, 106). In context, the allegedly prejudicial comment was:

> MR. HARPER: Your Honor, I am going to object to any further testimony pertaining to a co-defendant or anything else in this case. They have no merit as to this case.

(N.T. 106). As the jury was clearly aware from observation of the trial that Robert Dennis was *not* a co-defendant, we cannot see how this chance remark was prejudicial to appellant's case. Similarly, the district attorney's error in confusing the names of two leg bones in his argument to the jury was a minor mishap which can hardly have resulted in any prejudicial effect.

Finally, appellant contends that a comment made by the prosecutor to the effect that the Commonwealth had made an evaluation of the case and determined that the testimony of Donald Brown was unnecessary was prejudicial and warranted the declaration of a mistrial. We note that after defense counsel objected to this remark, the Court promptly gave clear and specific instructions to the jury to disregard the statement and to draw no inference from the absence of Mr. Brown.[6] We are satisfied that under these circumstances, the trial judge did not abuse his discretion in denying the motion for mistrial, and that this remark does not now warrant the granting of a new trial.

Order affirmed.

---

6. The jury was instructed that

Mr. Harper was discussing Donald Brown prior to our sidebar and has apparently made some comment as to Donald Brown's non-appearance and to certain evaluations which may or may not have been made by the Commonwealth or the District Attorney's office in evaluating this case.

Now I am going to ask you to disregard those comments ... because he did not testify it is improper for anybody to speculate on what Donald Brown may have said in this particular case had he been brought in to testify.

(N.T. 227, 228).