Commonwealth *v.* Penn, Appellant.

Submitted May 24, 1971.   Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Frederick W. Andrews,* Assistant Public Defender, for appellant.

*Marion E. MacIntyre,* Deputy District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, October 12, 1971:

Appellant shot and killed Jerome Brown on December 21, 1968. He was indicted for murder and for carrying a concealed deadly weapon. He was tried on the murder indictment and the jury found him guilty of voluntary manslaughter.

Jerome Brown died of a gunshot wound which appellant admits firing, but appellant claims that the

shooting was done in self-defense or accidentally. Prior to the shooting, appellant and Brown were involved in a fist fight in a tavern in Harrisburg. After the fight, appellant left the tavern, and as Brown was leaving the tavern appellant shot him with a rifle.

Following conviction, appellant was informed of his right to appeal, and signed a written waiver of this right. A sentence of from five to ten years' imprisonment was imposed.

On November 13, 1969, appellant filed a petition under the Post Conviction Hearing Act.* In this petition, appellant alleges that the Constitution of Pennsylvania and the Constitution of the United States prevent his being found guilty of voluntary manslaughter when the indictment was solely for murder. An answer to the P.C.H.A. petition was filed by the Dauphin County district attorney's office. As part of the answer, appellant was informed that all of his contentions or allegations had to be raised in a single P.C.H.A. petition and, therefore, if appellant had any other complaints, he should seek to amend the original petition so as to include them.

On December 31, 1969, an attorney was appointed to represent the appellant. On August 25, 1970, appellant's P.C.H.A. petition was denied by the lower Court without a hearing. The present appeal was taken from the denial of the P.C.H.A. petition.**

Appellant's sole contention in this appeal is, we repeat, that the lower Court's denial of his P.C.H.A. petition was erroneous and in violation of his Constitu-

---

* Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. (Supp. 1970).

** Appellant contends that on or about September of 1970, he filed an amendment to the original P.C.H.A. petition which had been denied on August 25, 1970. The lower Court record is devoid of any such amendment, and therefore the contentions raised therein are not reviewable by this Court.

tional rights. This contention flies in the face of the long-established law of this Commonwealth. As this Court recently said in *Commonwealth v. Dennis*, 433 Pa. 525, 252 A. 2d 671 (pages 528-529) : "In Commonwealth v. Frazier, 420 Pa. 209, supra, the Court said (page 211) : 'Defendant was indicted in 1961 for the murder of his wife. At that time he was also indicted, on a separate bill of indictment, for voluntary and involuntary manslaughter. On July 9, 1962, defendant was brought to trial only on the bill charging murder. The Commonwealth's evidence, if believed, proved that defendant was guilty of first degree murder. Defendant's defense was that his wife committed suicide. There was no evidence, either by the Commonwealth or by the defendant, of passion or provocation. Nevertheless, the jury returned a verdict of voluntary manslaughter on, we repeat, the bill of indictment charging murder—a verdict permitted *even under such evidence** by many decisions of this Court: Commonwealth v. Frazier, 411 Pa. 195, 191 A. 2d 369; Commonwealth v. Nelson, 396 Pa. 359, 152 A. 2d 913; Commonwealth v. Steele, 362 Pa. 427, 66 A. 2d 825.' "

The requirement for sustaining a voluntary manslaughter conviction when the appellant has been indicted solely for murder was recently set forth by this Court in *Commonwealth v. Hoffman*, 439 Pa. 348, 266 A. 2d 726, in which we stated (pages 358, 359) : "As the cases enunciating the doctrine make clear, all that is required before a conviction of voluntary manslaughter in the absence of passion and provocation will be allowed to stand is that the evidence be such that the jury *could*** have found present every element of murder. . . . In short, the rationale of the doctrine under discussion is found in a combination of two fac-

---

\* Italics in *Commonwealth v. Frazier*.
\*\* Italics in *Commonwealth v. Hoffman*.

tors: a realistic appreciation of the humanity of those who sit on our juries, and the legal concept that voluntary manslaughter is by definition a lesser offense than murder but one included within a murder indictment."

At the trial, the principal witnesses for the Commonwealth testified as follows: Michael DeFrank, a Harrisburg police officer, testified that when he arrived at the tavern he found Brown inside the tavern suffering from a bullet wound of the stomach, and he discovered a spent bullet on the top of the cigarette machine. Three witnesses testified about the fight between appellant and Brown. Marshall G. Dodd, Jr., who had entered the bar with appellant, testified that prior to the shooting appellant had shown him how to use the rifle, after which the rifle was locked in the trunk of appellant's car. Mary Hart, a customer in the bar, witnessed the fight and, more importantly, testified that appellant shot Brown as he approached the front door of the bar. Horace Banks, the bartender, testified that appellant shot Brown when he was in the bar.

Appellant testified that after he left the bar he attempted to leave the area, but his car would not start; and that as he was attempting to start his car, Brown came out of the bar and was starting in his direction. Appellant saw something shiny in Brown's hand and thought it was a gun or a knife, so he got the rifle from the back seat and attempted to scare Brown with the rifle, and it accidentally went off. Appellant also testified that he was not angry as the result of the fight earlier in the bar.

It is clear from the Commonwealth's evidence that the jury *could* have found present every element of the crime of murder, and, therefore, the voluntary manslaughter conviction meets the legal principles set forth in the cases hereinabove cited and quoted.

530

We have found no provision of the Constitution, and none has been cited to us, which has been violated by this conviction.

Order affirmed.