Commonwealth *v.* Boone, Appellant.

Argued January 9, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*David Shotel,* for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *James A. Shellenberger,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice O'Brien, March 16, 1973:

Appellant was indicted for the murder of one Leonard Reed. Appellant entered a plea of guilty to murder generally. After a hearing, the court below accepted the plea and adjudged appellant guilty of voluntary manslaughter.

Appellant first alleges that it was error for the court below to add voluntary manslaughter to his indictment, which originally did not contain the charge of voluntary manslaughter. We disagree. Rule 220 of Pennsylvania Rules of Criminal Procedure states: "The court may allow an indictment to be amended where there is a defect in form, the description of the offense, the description of any person or any property, or the date charged provided the indictment as amended does not charge an additional or different offense. . . ." Appellant contends that the addition of voluntary manslaughter was an additional charge. Appellant fails to perceive the legal concept that voluntary manslaughter is a lesser offense than murder, but one which is included in a murder indictment. *Commonwealth v. Penn,* 444 Pa. 526, 282 A. 2d 233 (1971), *Commonwealth v. Hoffman,* 439 Pa. 348, 266 A. 2d 726 (1970). Thus, voluntary manslaughter, by definition, was included in the murder indictment and the amendment of the indictment by the court below charged no additional crime nor did it deprive appellant of due process of law, as he contends.

Appellant finally alleges that his counsel was ineffective in allowing him to plead guilty to murder. Appellant contends that the facts surrounding the murder established a self-defense argument and that his counsel failed to advise him of this. The record reveals that the statement appellant gave to the police and the statement of a witness failed to establish a self-defense argument. The statements indicated that appellant

shot Reed as Reed approached appellant during the course of an argument. Reed had neither a gun nor any other weapon which would lead appellant reasonably to believe that he was in imminent danger of death or grievous bodily harm and that he had to kill to save himself therefrom. See *Commonwealth v. Johnston,* 438 Pa. 485, 263 A. 2d 376 (1970). Appellant's counsel cannot be held to be ineffective for failing to raise a non-existent defense. See *Commonwealth v. Waters,* 441 Pa. 511, 273 A. 2d 329 (1971). The record further reveals that appellant, when asked at the time of his plea if his counsel was aware of all the facts surrounding the killing, stated that he had told his counsel all the facts relating to the incident. Since appellant failed to add any further facts establishing self-defense during his testimony at the sentencing, we fail to see how appellant was improperly advised to plead guilty. See *Com. ex rel. Mullenaux v. Myers,* 421 Pa. 61, 217 A. 2d 730 (1966).

Judgment of sentence affirmed.