599 A.2d 681

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Anthony BUONOPANE.**

Superior Court of Pennsylvania.

Argued Sept. 24, 1991.

Filed Nov. 21, 1991.

Petition for Allowance of Appeal Denied June 2, 1992.

216

■■■■■■■■■■
■■■■■■■■■
■■■■■■■
■■■■■■■■■■■■■■■■

Dennis C. McAndrews, Asst. Dist. Atty., Media, for Com.

John G. McDougall, Philadelphia, for appellee.

Hugh Burns, Jr., Asst. Dist. Atty., Philadelphia, for amicus curiae.

Before ROWLEY, President Judge, and McEWEN and TAMILIA, JJ.

TAMILIA, Judge:

The Commonwealth appeals the final Order dated December 4, 1990 which granted appellee's pretrial motion to preclude the Commonwealth from proceeding with the instant murder prosecution as a capital case.

Anthony Buonopane, appellee, was charged with murder for shooting a man six to eight times on a public street. At the time of arraignment, appellee was notified in conjunction with Pa.R.Crim.P. 352, Notice of aggravating circumstances, that the Commonwealth would seek the death penalty based upon the aggravating circumstance that the killing created a grave risk of death to two bystanders in addition to the victim. Appellee filed a pretrial petition claiming Pennsylvania's capital sentencing procedures violate the fourteenth amendment by providing excessive discretion to prosecutors in determining which cases will be tried as capital offenses and asserting the aggravating circumstance might not be proven at trial. A pretrial hearing was held and a Delaware County deputy district attorney was compelled to testify concerning the procedures used by his office in designating murder prosecutions as capital cases. The Commonwealth requested an offer of proof prior to requiring the prosecutor to testify, but the

court refused. The deputy district attorney's testimony established that in evaluating homicide cases for potential capital prosecution, the final decision to seek a capital sentence is made after consultation with the chief of the trial division and upon review of the nature of the cases, the presence of aggravating circumstances and the presence of known potential mitigating circumstances. No evidence was presented or requested as to proof of the aggravating circumstance alleged by the Commonwealth. The trial court granted appellee's motion and held the Commonwealth failed to establish the existence of an aggravating circumstance. Due to temporary medical disability, no Opinion was filed by the trial judge.

The Commonwealth argues the trial court committed a gross abuse of discretion by permitting a hearing for which there was no basis, by permitting interrogation of the prosecutor regarding his discretionary decision and by determining the Commonwealth failed to prove aggravating circumstances when no evidence was presented on this issue and case precedent states a trial court may not inquire into the existence of aggravating circumstances in a murder prosecution prior to the sentencing phase. Appellee argues the court's decision was proper because the prosecutor did not consider any mitigating circumstances when it considered aggravating circumstances prior to arraignment. We agree with the Commonwealth and, therefore, reverse the trial court's pretrial Order.[1]

Not only did the trial court abuse its discretion in granting appellee's pretrial motion, it never had the discretion to determine whether the Commonwealth should have proceeded with the prosecution as a capital case in the first place. The Pennsylvania Supreme Court has held a trial court may not make a pretrial determination as to the

1. The district attorney's office of Philadelphia filed an Amicus Curiae brief on behalf of the Commonwealth, arguing absent a showing of purposefully discriminatory prosecution, the trial court's Order unlawfully and unconstitutionally usurps the prosecution function and appellee has no right to a hearing to see whether the prosecution considered alleged mitigating circumstances or any other factors.

capital or noncapital nature of a murder prosecution. In *Commonwealth ex rel. Fitzpatrick v. Bullock*, 471 Pa. 292, 370 A.2d 309 (1977), the trial judge sua sponte decided to make a preliminary determination of whether a reasonable jury could find the death penalty applicable and after a hearing held the case was noncapital. The Court held the initial determination of the presence or absence of aggravating and mitigating circumstances in a jury trial for murder had to be made by the jury after it convicted the defendant of murder in the first degree, and the trial court was not authorized to make a pretrial determination of that issue. The *Bullock* Court reasoned as follows:

> It may well be desirable or preferable, at least where the prosecution concedes the absence of aggravating circumstances and the court agrees, that the possibility of the death penalty be removed prior to trial, but, in view of the detailed legislative mandate as to the procedures to be followed with respect to the death penalty in a jury trial and the absence of any other pertinent statute, we can find no authority for the court to do so. *A fortiori,* we cannot approve of the evidentiary hearing utilized instantly to determine whether mitigating circumstances were present or of the court *sua sponte* determining pretrial that they were.

*Id.*, 471 Pa. at 301–02, 370 A.2d at 313.

The Supreme Court reaffirmed *Bullock* in *Commonwealth v. Tomoney*, 488 Pa. 324, 412 A.2d 531 (1980), and rejected the defendant's contention that pretrial certification of a case as capital or noncapital was desirable due to the strong possibility that a death qualified jury would be conviction prone. The Court stated "the requirement of individual voir dire in a capital case should give a defendant ample opportunity to explore for and isolate such bias." *Id.* 488 Pa. at 330, 412 A.2d at 534 (citations omitted). This reasoning by the Court rejects appellee's argument that the action of the trial court in conducting the pretrial hearing was consistent with the ability to conduct a fair trial since

the characterization of this case as capital would have damaging effects, such as a death qualified jury.

The most recent Supreme Court case to address defense counsel's challenges to prosecutorial discretion in capital cases is *Commonwealth v. DeHart*, 512 Pa. 234, 261–63, 516 A.2d 656, 670 (1986), in which the Court quoted the United States Supreme Court in *Gregg v. Georgia*, 428 U.S. 153, 225, 96 S.Ct. 2909, 2949, 49 L.Ed.2d 859, 903 (1976):

> Absent facts to the contrary, it cannot be assumed that prosecutors will be motivated in their charging decision by factors other than the strength of their case and the likelihood that a jury would impose the death penalty if it convicts. Unless prosecutors are incompetent in their judgments, the standards by which they decide whether to charge a capital felony will be the same as those by which the jury will decide the questions of guilt and sentence. Thus defendants will escape the death penalty through prosecutorial charging decisions only because the offense is not sufficiently serious; or because the proof is unsufficiently [sic] strong. This does not cause the system to be standardless....

*Id.* [2] The *DeHart* Court concluded "[a]bsent some showing that prosecutorial discretion is being abused in the selection of cases in which the death penalty will be sought, there is

---

**2.** Appellee cites *Commonwealth v. DeHart*, 512 Pa. 235, 516 A.2d 656 (1986), as its main support in arguing the prosecutor's decision to seek the death penalty should be based on the same standards the jury will use in deciding the sentence and, therefore, the prosecutor must consider both aggravating and mitigating circumstances. Appellee then contradicts his point by stating it would be impossible for the prosecution to consider mitigating circumstances before deciding whether to seek the death penalty since the prosecutor has no way to obtain the information of mitigating circumstances prior to arraignment. *Id.*, 512 Pa. at 258, 516 A.2d at 668 ("[T]o require the Commonwealth to negate the existence of mitigating circumstances would be contrary to the long-established rule that recognizes the virtually impossible burden placed upon a party required to prove a negative"). Only the sentencer may determine what aspects of the crime or character traits of the appellee actually amount to mitigating circumstances. *Commonwealth v. Copenhefer*, 526 Pa. 555, 587 A.2d 1353 (1991). Moreover, the defendant has the sole burden of proving mitigation. 42 Pa.C.S. § 9711(c)(1)(iii).

no basis for appellant's assertion [that the discretionary nature of the prosecutor's decision of whether to seek the death penalty is unconstitutional]." *Id.,* 512 Pa. at 262, 516 A.2d at 670. In *McCleskey v. Kemp,* 481 U.S. 279, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987), the United States Supreme Court noted prosecutorial discretion in a capital punishment system is necessary to satisfy the Constitution. The Supreme Court also stated "[i]f capital defendants are to be treated as 'uniquely individual human beings,' then discretion to evaluate and weigh the circumstances relevant to the particular defendant and the crime he committed is essential." *Id.* at 313, n. 37, 107 S.Ct. at 1778, n. 37, 95 L.Ed.2d at 293, n. 37 (citations omitted).

Appellee has failed to show the prosecution abused its discretion in deciding to seek the death penalty. Testimony revealed the prosecution typically considers the statutory aggravating circumstances and any known mitigating circumstances. Considerations such as race, gender, national origin and religion play no role in the decision making process. Here, the Commonwealth did not abuse its discretion in considering the aggravating circumstance that appellee shot the victim many times while bystanders were extremely close to the scene. In fact, this very factual scenario is one of the circumstances enumerated in 42 Pa.C.S. § 9711(d)(7) Sentencing procedure for murder of the first degree, which states as follows: "(d) Aggravating circumstances.—Aggravating circumstances shall be limited to the following: ... (7) In the commission of the offense the defendant knowingly created a grave risk of death to another person in addition to the victim of the offense." [3]

**3.** This case is analogous to one in which a district attorney's decision to deny a defendant's application for participation in an accelerated rehabilitative disposition (ARD) program was challenged. In *Commonwealth v. Paul,* 383 Pa.Super. 486, 557 A.2d 357 (1989), *allocatur denied,* 525 Pa. 633, 578 A.2d 927 (1990), this Court, citing *Commonwealth v. Lutz,* 508 Pa. 297, 495 A.2d 928 (1985), held a district attorney has sole discretion to submit a case for ARD and, absent considerations such as race or religion or other factors unrelated to the protection of society or likelihood of a persons success in rehabilitation, he must be free to submit a case or not submit it for ARD

■ We are further concerned with the trial court's pretrial determination in that its interference with the prosecutor's discretionary functions, absent a threshold showing of a valid claim of purposeful abuse, violates the constitutional principle of separation of powers. Courts will not review the actions of the executive branch involving acts of discretion in the absence of bad faith, fraud, capricious action or abuse of power; nor will they inquire into the wisdom of such actions or into the details of the manner adopted to carry them into execution. *Pennsylvania Social Services Local 668 v. Pennsylvania Labor Relations Board*, 481 Pa. 81, 392 A.2d 256 (1978). *See also United States v. Sanchez*, 908 F.2d 1443, 1445 (9th Cir.1990) ("[s]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion") (citations omitted); *United States v. Carrasco*, 786 F.2d 1452, 1455 (9th Cir.1986) ("charging decisions are generally within the prosecutor's exclusive domain"); and *United States v. Miller*, 722 F.2d 562, 565 (9th Cir.1983) ("[s]eparation of powers requires that the judiciary remain independent of executive affairs").

Finally, even if the trial court could have properly held a pretrial hearing to examine the prosecutor's charging decision, though we reiterate our holding that the determination was improper, this case still would have to be reversed because appellee did not submit an offer of proof to show any impropriety and the court erred in determining sua sponte and without sufficient evidence that proof of aggravating circumstances was lacking. The trial court improperly compelled the chief of the district attorney's trial division to testify, without any offer of proof or legal basis from the defense, regarding procedures used by the district attorney in evaluating murder cases for presentation as capital or noncapital offenses. Moreover, the trial court's

consideration. Here, as in *Paul*, the district attorney did not use any prohibited considerations in exercising his discretion.

finding concerning a lack of proof of aggravating circumstances was baseless because no evidence was presented on this issue and the trial judge brought the issue to the hearing sua sponte. This Court has determined the prosecution has no inherent burden to prove pretrial that aggravating factors exist:

> Defendant claims that the Commonwealth should be charged with the responsibility of knowing whether aggravating circumstances exist. However, witnesses' trial testimony often differs from the statements they give prior to trial and it is often impossible for anyone to know prior to trial what testimony will be adduced at the trial. For example, 18 Pa.C.S. 1311(d)(7) provides that where a defendant knowingly creates a grave risk of death to another person in addition to the victim of the offense during the commission of the offense that an "aggravating circumstance" exists. Whether such a situation occurred during a murder is solely for the jury's determination and may only be determined from the facts of each specific case presented during the trial of that case.

*Commonwealth v. Martin*, 273 Pa.Super. 88, 91, 416 A.2d 1102, 1104 (1977).

In light of the foregoing discussion, we reverse the trial court's Order and remand the case for further proceedings in accordance with this Opinion.

Jurisdiction relinquished.