681 A.2d 185

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Richard BUCK.**

Superior Court of Pennsylvania.

Argued April 9, 1996.

Filed July 18, 1996.

Hugh Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Bradley S. Bridge, Philadelphia, for appellee.

Before CIRILLO, President Judge Emeritus, BECK, J. and CERCONE, President Judge Emeritus.

CERCONE, President Judge Emeritus:

■ This is an appeal by the Commonwealth from a final order granting defendant/appellee's pretrial motion to quash the Commonwealth's Notice of Aggravating Circumstances.[1] We reverse and remand for further proceedings.

On February 9, 1994, appellee Richard Buck was arrested and charged with murder, voluntary manslaughter, involuntary manslaughter, possessing instruments of crime, violating the Uniform Firearms Act, and recklessly endangering another person. These charges arose out of a shooting in a Philadelphia bar on that date. On March 2, 1994, the Commonwealth filed a timely Notice of Aggravating Circum-

---

1. An order granting a defense request to preclude the Commonwealth from proceeding with a murder prosecution as a capital case is final and immediately appealable. *Commonwealth v. Buonopane,* 410 Pa.Super. 215, 216, 599 A.2d 681, 682 (1991), *appeal denied,* 530 Pa. 651, 608 A.2d 27 (1992).

stances [2] indicating its intent to seek the death penalty on the following grounds: (1) that appellee committed a killing during the perpetration of a felony, (2) that he knowingly created a grave risk of death to another person in addition to the victim of the offense, and (3) that appellee has a significant history of felony convictions involving the use or threat of violence to the person.

The defense filed a motion to quash the Commonwealth's Notice, contending that insufficient evidence existed to support the aggravating circumstances alleged in this case. The lower court held a hearing on appellee's motion. The Commonwealth participated in the hearing solely to contest the propriety of the inquiry. The prosecution declined to present specific arguments on the evidentiary sufficiency. The lower court judge stated that she had reviewed the discovery materials provided to the defense and concluded that, as a matter of law, the Commonwealth would be unable to prove the existence of any aggravating factors. N.T. 1/4/95 at 7–9. Consequently, the motions judge quashed the Notice of Aggravating Circumstances in open court on January 4, 1995. *Id.* at 9–10. The Commonwealth's notice of appeal followed on January 25, 1995.[3] The instant appeal presents two issues:

1. May the trial court issue a pretrial order quashing all aggravating circumstances for which the Commonwealth has given notice, thus precluding the Commonwealth from seeking the death penalty in a homicide prosecution?

2. May a homicide calendar judge hold a pretrial hearing to review the "sufficiency of the evidence" for aggravating circumstances?

Appellant's brief at 2.

 As to the first claim, we cannot agree with the Commonwealth's contention that a court of common pleas may

---

**2.** The trial court held that the Commonwealth's Notice was timely pursuant to Rule of Criminal Procedure 352. *See* Trial Court Opinion dated October 30, 1995 at 1; Pa. R.Crim.P., Rule 352, 42 Pa.C.S.A.

**3.** The certified record indicates that the lower court reduced its oral ruling to writing on May 15, 1995. *See* Order *Nunc Pro Tunc* quashing Notice of Aggravating Factors dated 5/15/95.

never consider a pretrial defense motion seeking to prevent the prosecution of a murder as a capital case. The lower court has correctly noted that, according to existing precedent, the opposite is true. For example, in *Commonwealth v. Gibbs*, 533 Pa. 539, 626 A.2d 133 (1993) ("*Gibbs II*"), the Pennsylvania Supreme Court reviewed the propriety of a court of common pleas decision regarding this type of pretrial motion. In *Gibbs II*, the defendant alleged that the Commonwealth's decision to seek the death penalty amounted to a violation of the defendant's double jeopardy rights. On appeal, the Court addressed the merits of the defense motion and upheld the trial court's decision. Our Supreme Court did not indicate that the trial court lacked jurisdiction to consider Mr. Gibbs' pretrial request to preclude the Commonwealth from seeking the death penalty.

Nevertheless, it is incorrect to characterize *Gibbs II* as standing for the proposition that a court of common pleas may conduct a pretrial inquiry as to the "legal sufficiency" of the evidence in support of the aggravating circumstances alleged by the Commonwealth. *See* trial court opinion at 6. In *Commonwealth v. Gibbs*, 520 Pa. 151, 553 A.2d 409, *cert. denied*, 493 U.S. 963, 110 S.Ct. 403, 107 L.Ed.2d 369 (1989) ("*Gibbs I*"), a jury found the defendant guilty of first degree murder. The jury also determined that the aggravating circumstances outweighed the mitigating circumstances and returned a verdict of death pursuant to 42 Pa.C.S.A. § 9711(c)(1)(iv). The Supreme Court vacated the judgment of sentence and remanded for a new trial on the grounds that the defendant's confession was involuntarily given. Before his second trial, Mr. Gibbs moved to preclude the death penalty based on a claim that the evidence was insufficient at the original trial to sustain the aggravating circumstances alleged by the Commonwealth. According to the defense theory, double jeopardy concerns barred the prosecution from seeking the death penalty upon retrial.

In *Gibbs II*, our Supreme Court addressed the double jeopardy argument, but did *not* inquire as to the "sufficiency

of the evidence" adduced at the first trial in support of the alleged aggravating circumstances. Rather, the Court held that no matter what aggravating factors the first jury considered, the prosecution was not precluded from seeking the death penalty at the second trial so long as the first jury found that the presence of one or more factors balanced against other circumstances warranted a death sentence. As the trial court notes in the instant case, *Gibbs II* also addresses other matters such as the correct definition of "peace officer" and whether the Commonwealth may use the common law doctrine of "transferred intent" to establish aggravating circumstances. However, the *Gibbs II* Court clearly stated that they were not considering the sufficiency of the Commonwealth's evidence and that they intended to confine their opinion "solely to the question of [the] statutory interpretation of 42 Pa.C.S. § 9711(d)(2)." *Commonwealth v. Gibbs*, 533 Pa. at 547, 626 A.2d at 137–38.

Pennsylvania law is quite explicit that "the prosecution has no inherent burden to prove pretrial that aggravating factors exist.…" *Commonwealth v. Buonopane*, 410 Pa.Super. 215, 222, 599 A.2d 681, 684 (1991), *appeal denied*, 530 Pa. 651, 608 A.2d 27 (1992). This is so because the witnesses' trial testimony often differs from the statements given during pretrial interviews or hearings. *Id.* at 222, 599 A.2d at 684–85. It is impossible for anyone to know the precise nature of the evidence that will be adduced at trial until after the witnesses have actually testified. *Id.* Thus, it is inappropriate to issue a pretrial ruling on whether that testimony will be sufficient, at the time of the penalty phase, to establish the factors identified in the Commonwealth's Notice of Aggravating Circumstances. *Id. See also Commonwealth v. Scarfo*, 416 Pa.Super. 329, 365–67, 611 A.2d 242, 260–61 (1992), *appeal denied*, 535 Pa. 633, 631 A.2d 1006 (1993) (discussing Pennsylvania cases decided prior to the effective date of Rule of Criminal Procedure 352 (concerning death penalty notification requirements) and holding that a court of common pleas has

no standing to determine before trial whether the prosecution "knew or reasonably should have known" that the aggravating factors upon which the Commonwealth relies might prove insufficient to warrant imposition of the death penalty after the trial has been completed). Because it is improper for a court of common pleas to conduct a pretrial inquiry concerning the sufficiency of the Commonwealth's proposed evidence regarding the existence of aggravating factors, we must reverse the lower court's ruling in the present case.[4]

The trial court's decision is reversed, the order promulgated January 4, 1995 (entered *nunc pro tunc* May 15, 1995) is vacated, and the case is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.

---

**4.** The lower court incorrectly cites *Commonwealth v. Williams*, 539 Pa. 61, 650 A.2d 420 (1994) as authority for its conclusion that *Buonopane* has been overruled. *Williams* addresses the propriety of a Commonwealth petition to amend its notification of aggravating circumstances on the second day of jury selection. The case has nothing whatever to do with a pretrial motion to quash the prosecution's Notice on the grounds of "insufficient evidence" because the *Williams* Court did not conduct a "sufficiency" inquiry. Rather, the Supreme Court's discussion of the evidence alleged by the Commonwealth was confined to ascertaining *when* the prosecutor learned of the additional aggravating circumstances in order to determine whether the district attorney was diligent in researching the defendant's prior record. *Commonwealth v. Williams* provides absolutely no basis for concluding that the court of common pleas may ignore *Buonopane* 's strictures against pretrial inquiries concerning the quantum of evidence the Commonwealth plans to present during the penalty phase of a capital trial.