# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania, : 
　　　　　　　　　Appellant : 
　　　　　　　　　　　　　　 : 
　　　　v. : No. 1465 C.D. 2015
　　　　　　　　　　　　　　 : Submitted: April 8, 2016
$51,406.66 United States Currency; : 
HP Pavillion Touch Smart Laptop; : 
Acer Tablet; Apple iPhone; Garmin : 
Navi GPS; and 2002 Mercury : 
Mountaineer, Vin No. : 
ZU86WX2ZJ12626 : 


**BEFORE:** **HONORABLE RENÉE COHN JUBELIRER,** Judge
　　　　　　**HONORABLE MICHAEL H. WOJCIK,** Judge
　　　　　　**HONORABLE ROCHELLE S. FRIEDMAN,** Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**　　　　　　**FILED:　July 6, 2016**


The Commonwealth of Pennsylvania (Commonwealth) appeals from the Order of the Court of Common Pleas of the 39th Judicial District (Franklin County Branch) (common pleas) that denied the Commonwealth's Petition for Condemnation and Forfeiture (Petition) as to $51,406.66 United States Currency (Cash).[1]  The Commonwealth argues that common pleas erred in its interpretation and application of this Court's decision in Commonwealth v. 1997 Chevrolet, 106

---

[1] The record references varying amounts of currency, but this was the amount used by common pleas.

A.3d 836 (Pa. Cmwlth. 2014), petition for allowance of appeal granted, 120 A.3d 993 (Pa. 2015)[2] to the first two prongs of the innocent owner defense set forth in Section 6802(j)(1), (2) of the Controlled Substances Forfeiture Act (Forfeiture Act), 42 Pa. C.S. § 6802(j)(1), (2). Because the additional burden 1997 Chevrolet places upon the Commonwealth to produce evidence regarding the third prong of the innocent owner defense, that the claimant has actual knowledge of and consented to the violation of The Controlled Substance, Drug, Device and Cosmetic Act[3] (Drug Act), is not implicated until after the claimant meets the first two prongs of the innocent owner defense, that he is the owner of the property and lawfully acquired the property, we agree that common pleas erred. We, therefore, vacate the part of the Order denying forfeiture of the Cash and remand for a new decision so that common pleas can make findings regarding whether Kenneth Culpepper, Sr. established that he was the owner of the Cash and had lawfully acquired the Cash.

The sole issue before this Court is whether Mr. Culpepper established that he was an innocent owner of the Cash under Section 6802(j) of the Forfeiture Act. The Cash was found, along with the other items forfeited by common pleas, in the vehicle in which Mr. Culpepper's son (Son) was a passenger. The vehicle had been stopped by the Pennsylvania State Police (PSP) for, *inter alia*, crossing the double lines on numerous occasions. Ultimately, the vehicle was taken to the PSP's barracks and searched pursuant to a search warrant. Son also was searched and found to have narcotics on his person. The Commonwealth filed the Petition

---

[2] The other property identified in caption was forfeited by common pleas pursuant to the Petition and Order of common pleas, and no one has appealed that forfeiture.
[3] Act of April 14, 1972, P.L. 233, as amended, 35 P.S. §§ 780-101–780-144.

with common pleas on November 5, 2014, and a Rule to Show Cause was entered upon, *inter alia,* Son and other "owners and/or possessors of the subject property." (Op. at 2.) Mr. Culpepper filed an Answer and New Matter asserting that he was an innocent owner of the Cash and it should not be subject to forfeiture. The Commonwealth replied to the New Matter. Following several continuances, common pleas held a hearing on April 16, 2015.

At the hearing, the Commonwealth presented documentary evidence and the testimony of several PSP Troopers who were involved with the traffic stop, the search of the vehicle, and the search of Son. Following this testimony, common pleas held on the record that the Commonwealth had established a substantial nexus between the Cash and a violation of the Drug Act. (R.R. at 56a-57a.)

Mr. Culpepper testified in support of his claim that he was an innocent owner of the Cash. He testified, in relevant part, that he works at least 40 hours a week for the State of New York as a mental health therapy aid. (Op. at 6; R.R. at 58a-59a.) Mr. Culpepper stated that his base salary is $40,000, but he can get time and a half if he works overtime and double time if he works on holidays. (Op. at 6; R.R. at 59a-60a.) According to Mr. Culpepper, he uses a check cashing service and does not use or have a bank account because a monetary judgment was imposed against his bank accounts. (Op. at 6; R.R. at 60a-61a.) Mr. Culpepper explained that he kept his cash, rubber banded together in $1,000 increments, in brown paper bags inside a black suitcase, in an upstairs closet of his home. (Op. at 6; R.R. at 62a.) He indicated that he would have never allowed Son to take the money. (Op. at 7; R.R. at 66a.) Mr. Culpepper also presented his 2011 and 2012 tax returns, which were filed the same month as the hearing, in April 2015. (Op. at 6; R.R. at 66a-67a.) On the tax returns, Mr. Culpepper showed earnings of

$68,516 and $50,902 in 2011 and 2012, respectively. (R.R. at 68a; Defendant's Exs. 1 and 2.) On cross-examination, Mr. Culpepper admitted that he had "a lot of avoidance behavior" and had not "really filed taxes since like five or six years, and I [am] just now taking care of all of that. They owe me money for those years. I just have a lot of avoidance behaviors." (Op. at 6; R.R. at 81a.)

Common pleas directed post-hearing briefing on the issue of the innocent owner defense and this Court's interpretation thereof in 1997 Chevrolet. After briefing was complete, common pleas issued an Order denying the Petition as to the Cash and an opinion explaining the denial. In its opinion, common pleas indicated that, while it "respectfully disagrees with the Commonwealth Court's view that 42 Pa.C.S. § 6802(j) places any burden on the Commonwealth to disprove the innocent owner defense[,] it is our duty to follow this binding precedent." (Op. at 5.) Common pleas quoted 1997 Chevrolet that "'[i]t is not enough simply to disbelieve the property owner; the trial court must identify the circumstances that make it reasonable to infer that the property owner had actual knowledge and did consent to the violation of the Drug Act.'" (Op. at 5 (quoting 1997 Chevrolet, 106 A.3d at 870).) Thus, although common pleas

> found the Alleged Owner's story unlikely and implausible, and did not find the Alleged Owner credible . . . the court [was] unable to identify the circumstances that make it reasonable to infer that the property owner had actual knowledge and did consent to the violation of the Drug Act as required by the Commonwealth Court in 1997 Chevrolet.

(Op. at 7.) Further, it held that "[e]ven though the Court finds the Alleged Owner's story is incredible, the Court must hold the Commonwealth to its additional burden, as required" by 1997 Chevrolet, "to come forward with additional evidence from which this Court can reasonably infer 'that the alleged

4

owner had actual knowledge and did consent to the violation of the [D]rug [A]ct.'" (Op. at 7 (quoting 1997 Chevrolet, 106 A.3d at 870).) Because the Commonwealth did not meet that burden, common pleas held that Mr. Culpepper had established the innocent owner defense under Section 6802(j) of the Forfeiture Act and denied the Petition as to the Cash.

The Commonwealth appealed, and common pleas directed it to file a Concise Statement of Errors Complained of on Appeal (Statement) pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Practice and Procedure,[4] Pa. R.A.P. 1925(b). In the Statement, the Commonwealth argued that common pleas erred because Mr. Culpepper did not meet his burden of proving that he was an innocent owner of the Cash, and that it was error to apply 1997 Chevrolet and require proof of Mr. Culpepper's knowledge and consent of Son's violation of the Drug Act when Mr. Culpepper did not first prove that he was the owner of the Cash. The Commonwealth recognized that common pleas felt constrained by 1997 Chevrolet, but noted that the Supreme Court had granted its petition for allowance of appeal in that case. (Statement.) Common pleas filed an opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Practice and Procedure,[5] Pa.

---

[4] Rule 1925(b) provides, in pertinent part,

> If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

Pa. R.A.P. 1925(b).

[5] Rule 1925(a) provides, in pertinent part,

> Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons

*(Continued…)*

R.A.P. 1925(a), in which it indicated that the reasons for its Order were adequately set forth in its prior opinion. This matter is now ready for our review.[6]

It is not disputed that the Commonwealth met its initial burden of proof on the Petition regarding the Cash by using the rebuttal presumption set forth in Section 6801(a)(6)(ii) of the Forfeiture Act.[7] Therefore, the burden shifted to Mr. Culpepper to demonstrate that he was the owner of the Cash, that he lawfully

---

for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

Pa. R.A.P. 1925(a).

[6] "This Court's review in an appeal from a forfeiture proceeding is limited to examining whether findings of fact made by the trial court are supported by substantial evidence, and whether the trial court abused its discretion or committed an error of law." Commonwealth v. $11,600.00 Cash, U.S. Currency, 858 A.2d 160, 163 n.3 (Pa. Cmwlth. 2004). "It is axiomatic that as factfinder the trial court is empowered to decide what evidence is credible and to draw any reasonable inferences from all of the evidence." Id. "Discretion is abused when, in reaching its conclusion, the trial court departs from or misapplies the law or the judgment it exercises is manifestly unreasonable as shown by the evidence of record." SAS, Inc. v. State Police Bureau of Liquor Control Enforcement, 638 A.2d 455, 458 n.6 (Pa. Cmwlth. 1994).

[7] In a forfeiture proceeding involving money, the Commonwealth bears the burden of proving, by a preponderance of the evidence, that there is a substantial nexus between the money being forfeited and a violation of the Drug Act. Commonwealth v. $2,523.48 U.S. Currency, 649 A.2d 658, 660 (Pa. 1994). Under Section 6801(a)(6)(ii) of the Forfeiture Act, "money and negotiable instruments found in close proximity to controlled substances possessed in violation of [the Drug Act] shall be rebuttably presumed to be proceeds derived from the selling of a controlled substance in violation of [the Drug Act]." 42 Pa. C.S. § 6801(a)(6)(ii). When the rebuttable presumption is triggered, "the Commonwealth satisfie[s] its evidentiary burden by using the presumption." Commonwealth v. $259.00 U.S. Currency, 860 A.2d 228, 231 (Pa. Cmwlth. 2004). Once the Commonwealth establishes that the money is forfeitable, the burden shifts to the person claiming the money to establish that he owns the money, he lawfully acquired it, and the money was not unlawfully used by him, i.e., that he is an "innocent owner" of the money. 42 Pa. C.S. § 6802(j); $2,523.48 U.S. Currency, 649 A.2d at 660.

acquired the Cash, and that "the unlawful use or possession was without his knowledge or consent . . . ." 42 Pa. C.S. § 6802(j)(3).

On appeal, the Commonwealth asserts that the "additional burden" from 1997 Chevrolet cited by common pleas does not apply here because Mr. Culpepper never established that he was the owner of the Cash. The Commonwealth argues that, because Mr. Culpepper did not satisfy the first prong of the innocent owner defense (ownership), common pleas did not properly reach the second (lawfully acquired) and third prongs, the last of which places, pursuant to 1997 Chevrolet, the burden on the Commonwealth to produce evidence from which a court can infer actual knowledge and consent to the use of the property in violation of the Drug Act. According to the Commonwealth, 1997 Chevrolet is distinguishable because, in that case, there was no dispute that the person asserting the innocent owner defense did own and lawfully possess the house and vehicle in question; the issue before the Court was whether she had knowledge of her son's drug-dealing. The Commonwealth argues that because common pleas found Mr. Culpepper not credible and his story to be incredible, implausible, and unlikely, Mr. Culpepper did not prove that the Cash belonged to him and, therefore, there was no reason to consider the remaining prongs of Section 6802(j).

Mr. Culpepper responds that he met his burden of proving that he was the lawful owner of the Cash through his unrebutted testimony and tax returns regarding his employment and receipt of other funds via workers' compensation and private disability insurance. Therefore, according to Mr. Culpepper, common pleas properly applied 1997 Chevrolet in this matter to find that the Commonwealth provided insufficient evidence to establish that Mr. Culpepper had actual knowledge of and consented to Son's unlawful use or possession of the

Cash. Moreover, Mr. Culpepper asserts that, pursuant to 1997 Chevrolet, common pleas was required to specifically explain *why* it did not credit his testimony.

Section 6802(j) of the Forfeiture Act provides as follows:

> **(j) Owner's burden of proof.--**At the time of the hearing, if the Commonwealth produces evidence that the property in question was unlawfully used, possessed or otherwise subject to forfeiture under section 6801(a) or 6801.1(a), the **burden shall be upon the claimant to show**:
>
> (1) That the claimant is the owner of the property or the holder of a chattel mortgage or contract of conditional sale thereon.
>
> (2) That the claimant lawfully acquired the property.
>
> (3) That it was not unlawfully used or possessed by him. In the event that it shall appear that the property was unlawfully used or possessed by a person other than the claimant, then the claimant shall show that the unlawful use or possession was without his knowledge or consent. Such absence of knowledge or consent must be reasonable under the circumstances presented.

42 Pa. C.S. § 6802(j) (emphasis added). In 1997 Chevrolet, this Court examined Section 6802(j)(3) in the context of the forfeiture of a house and vehicle based on the existence of drug sales occurring at the house and in the vehicle made by the homeowner's son. The homeowner was not charged with any crime, and she asserted, *inter alia*, that she was an innocent owner of the property because she neither knew of nor consented to the son's unlawful use of her property. 1997 Chevrolet, 106 A.3d at 844-46. The homeowner's testimony regarding how she lawfully acquired the house and the vehicle was not rejected, but common pleas rejected her testimony that she did not know of or consent to the son's drug activities. Id. at 844, 846. Common pleas noted that, during a prior search of the house, the police had informed the homeowner that the son was selling drugs and

8

the police were there to arrest the son, although no arrest occurred at that time. Id. at 841, 846. Accordingly, common pleas concluded that the homeowner was not an innocent owner and granted the forfeiture of the house and vehicle.

The homeowner appealed. Noting that the fact that the homeowner "**own[ed] and lawfully acquired the house and vehicle at issue in this case is not disputed**," we addressed, relevant here, common pleas' denial of the innocent owner defense based on its conclusion that the homeowner knew of and consented to the son's unlawful use of the property, as set forth in Section 6802(j)(3). 1997 Chevrolet, 106 A.3d at 866-70 (emphasis added). This Court considered whether common pleas erred in rejecting her innocent owner defense based on its reliance on homeowner's presence when the police previously had searched the house and was told, at that time, that the son was selling drugs. Id. at 867-68. Reviewing the record, the Court concluded that there were discrepancies between the homeowner's testimony regarding what occurred during the search and the Commonwealth's evidence on that subject that were left unresolved. Id. at 868. Moreover, we observed that the rejection of the homeowner's testimony that she did not know of the son's conduct as not credible was not, by itself, sufficient to find that the homeowner did have knowledge because "a negative credibility finding does not constitute positive evidence that can support a finding of fact." Id. at 868-69. We based our reasoning on the proposition that proving lack of knowledge or consent would require a litigant to prove a negative, which is a virtually impossible burden. Id. at 869 n.27 (citing Fazio v. Pittsburgh Rys. Co., 182 A. 696, 698 (Pa. 1936) (stating that "[i]t is seldom, if ever, the duty of a litigant to prove a negative until his opponent has come forward to prove the opposing positive"); Commonwealth v. Buonopane, 599 A.2d 681, 683 n.2 (Pa.

9

Super. 1991) (stating that there is a "long-established rule that recognizes the virtually impossible burden placed upon a party required to prove a negative" (internal quotation omitted))). We further explained that the legislature recognized that "[i]t is problematic that a person can be deprived of her home because she is unable to prove a negative" "by adding that a lack of knowledge or consent must be 'reasonable' under the circumstances." Id. at 869-70. For these reasons, we concluded that "[i]t is not enough simply to disbelieve the property owner; the trial court must identify the circumstances that make it reasonable to infer that the property owner **had actual knowledge and did consent to the violation of the Drug Act**." Id. at 870 (emphasis added). Accordingly, we reversed and remanded the matter to consider all the evidence offered on the innocent owner defense and that "[i]f [homeowner's] evidence is not credited, [common pleas] must explain why; it must identify the 'blatant inconsistencies' in [the homeowner's] testimony." Id.

Section 6802(j) has three subparts. The question here is whether our interpretation of the burden of proof in Section 6802(j)(3), the third prong, in 1997 Chevrolet, also applies to the other two prongs of Section 6802(j). We conclude that it does not. First, the other two prongs of Section 6802(j) were not in dispute in 1997 Chevrolet, and there was no question that the homeowner there met her burden of proving that she owned the house and vehicle (Section 6802(j)(1)), and that she had lawfully acquired that property (Section 6802(j)(2)). We thus focused on the application of the third prong of the innocent owner defense, Section 6802(j)(3). The Court's analysis of the burden under the third prong was premised on the difficulty, if not impossibility, of requiring the property owner to prove a negative, i.e., her reasonable lack of knowledge or lack of consent. Id. at 869-70.

10

However, in contrast, subsections (1) and (2) of Section 6802(j) do not require alleged property owners to prove a negative; these sections require them to prove that the property is theirs and that it was lawfully acquired. 42 Pa. C.S. § 6802(j)(1), (2). Moreover, Section 6802(j) is titled, "**Owner's** burden of proof," and states that "the burden shall be upon the **claimant** to show," the following items, and 1997 Chevrolet did not address or otherwise alter the existing standard for common pleas' review of the evidence relating to the first two prongs of the innocent owner defense. 42 Pa. C.S. § 6802(j) (emphasis added). Thus, it remains "axiomatic that as factfinder the trial court is empowered to decide what evidence is credible and to draw any reasonable inferences from all of the evidence." Commonwealth v. $11,600.00 Cash, U.S. Currency, 858 A.2d 160, 163 n.3 (Pa. Cmwlth. 2004). As our Supreme Court explained in Commonwealth v. $6,425.00 Seized from Esquilin, 880 A.2d 523 (Pa. 2005),

> in many instances, the trial judge in a forfeiture proceeding hears live witnesses and is in a position to render demeanor-based credibility determinations. In such instances, the usual deference applicable to credibility determinations may be dispositive. . . . [H]owever, [where] there [are] no demeanor-based credibility determination made by the trial judge, . . . his reasons for ruling as he did are subject to objective evaluation.

Id. at 531 n.7.

Here, common pleas "did not find [Mr. Culpepper] credible" and found his story unlikely, implausible, and incredible. (Op. at 7.) Thus, while common pleas' credibility determinations suggest that it would not find that Mr. Culpepper was the owner of the Cash based on the evidence he presented, it did not make any specific findings of fact stating as such. A remand is, therefore, necessary for common pleas to make findings regarding whether Mr. Culpepper met his burden of establishing his ownership of the Cash, and if he does so, whether he lawfully

11

acquired the Cash.  Only if Mr. Culpepper establishes that he owns and lawfully acquired the Cash would common pleas address, utilizing 1997 Chevrolet, whether "the unlawful use or possession was without his knowledge or consent."  42 Pa. C.S. § 6802(j)(3).

Accordingly, the Order is vacated as it relates to the Cash, and the matter is remanded to common pleas for a new decision in accordance with this opinion.


_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,　　　　:
　　　　　　　　　　　Appellant　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　v.　　　　　　　　　　　:　　No. 1465 C.D. 2015
　　　　　　　　　　　　　　　　　　:
$51,406.66 United States Currency;　　:
HP Pavillion Touch Smart Laptop;　　 :
Acer Tablet; Apple iPhone; Garmin　　:
Navi GPS; and 2002 Mercury　　　　　:
Mountaineer, Vin No.　　　　　　　　:
ZU86WX2ZJ12626　　　　　　　　　　:

# **O R D E R**

**NOW**, July 6, 2016, the Order of the Court of Common Pleas of the 39th Judicial District (Franklin County Branch) (common pleas) is hereby **VACATED** as it relates to the $51,406.66 United States Currency, and the matter is **REMANDED** to common pleas for a new decision in accordance with this opinion.

Jurisdiction relinquished.

_____
**RENÉE COHN JUBELIRER,** Judge